WARD CATTLE AND PASTURE COMPANY v. WILLIAM CARPENTER.

No. 2713.    Decided February 13, 1918.

**Constitutional Law—Title of Act—Stock Law—Territorial Application.**

Though entitling an Act of the Legislature as an Act to amend a named article of the Revised Statutes might suffice without description of the nature of the amendment, when the article referred to (7235, Rev. Stats., the Stock Law) included Matagorda County in those to which it applied, and the title to the later Act (Act of March 31, 1913, Laws, 33d Leg., ch. 72, p. 131) further described the amendment as being "so as to include" certain named counties formerly not included, without mention of design to exclude any to which the article already applied, such title expressed only an intent to extend, and none to limit the application of the article. The exclusion of Matagorda County by such Act from the list of those to which the article, as amended, applied, was beyond the purpose to which the amendatory Act was expressly limited by its title, and such amendment was, to that extent, unconstitutional and void. (Pp. 105, 106.)

Error to the Court of Civil Appeals for the First District, in an appeal from Matagorda County.

The Ward Cattle and Pasture Company sued Carpenter to recover possession of cattle held by the defendant for impounding fees under the stock law, from the operation of which plaintiff claimed that the county was excepted, and for injunction against such impounding. Judgment was for defendant and was affirmed on plaintiff's appeal, whereupon he obtained writ of error.

*Krause & Wilson* and *Proctor, Vandenberg, Crain & Mitchell*, for plaintiff in error.—Article 7235 of said Revised Civil Statutes of Texas, 1911, which named Matagorda as one of the counties which was given the right to adopt such a stock law, was amended and repealed in so far as Matagorda is concerned, by chapter 72, page 131, General Laws of the Thirty-third Legislature, 1913, by which enactment of said Thirty-third Legislature Matagorda was excluded as one of the counties having right to adopt or keep in operation such a stock law. A reference to a number of an article in a code, such as the Revised Civil Statutes or a Criminal Code, is sufficient in the title of an Act amendatory thereof to allow any amendment germane to the subject treated in

the article.   Eng. & Scot. Am. Mortg. & Inv. Co. v. Hardy, 93 Texas, 295, 55 S. W., 169; 1 Suth., Stat. Construc., sec. 141, pp. 239, 240; Fielder v. State, 40 Texas Crim., 184, 49 S. W., 376; Nichols v. State, 32 Texas Crim., 391, 23 S. W., 680; Tabor v. State, 34 Texas Crim., 631, 31 S. W., 662.

The Constitution does not specify the degree of particularity with which the subject of an Act shall be expressed in the title.   This rests in the discretion of the Legislature, and when the latter selects a title the courts should not condemn same save in plain instances of infraction of the constitutional provision.   Ex parte Walsh, 129 S. W., 118; Nichols v. State, 32 Texas Crim., 391, 23 S. W., 680; Newnom v. Williamson, 103 S. W., 656.

Mere provisos or details are not required to be shown in the title. Only the general or ultimate object need be stated, and if this is stated any detail or provision calculated to carry into effect such general object is permissible in the Act itself.   Fielder v. State, 40 Texas Crim., 184, 49 S. W., 376; Childress, etc., Cattle Co. v. Baker, 23 Texas Civ. App., 451, 56 S. W., 756; Johnson v. Martin, 75 Texas, 40; Doeppenschmidt v. International & G. N. Ry. Co., 100 Texas, 535; Snyder v. Compton, 87 Texas, 377; Brown v. State, 32 Texas Crim., 119, 22 S. W., 596.

It is legitimate in the construction of a law to refer to the title for explanation, and it is equally legitimate, in the construction of the title to refer to the body of the Act.   City of Austin v. McCall, 95 Texas, 575; Morris v. State, 62 Texas, 741; Otoe County v. Baldwin, 111 U. S., 16.

The term "subject" as employed in section 35, article 3, means that subject which is to be dominated or controlled by the body of the particular law to which the particular title applies.   Day Land and Cattle Co. v. State, 68 Texas, 526.

If the ultimate object, or general subject, is stated in the Act, then any provision reasonably calculated to carry such object into effect, or reasonably germane to such subject, is unobjectionable; and this rule applies notwithstanding the particular provision in question is unexpressed in the title and another provision of germane matter is expressed in the title.   Doeppenschmidt v. International & G. N. Ry. Co., 100 Texas, 532; Childress, etc., Cattle Co. v. Baker, 23 Texas Civ. App., 451, 56 S. W., 756; Newnom v. Williamson, 103 S. W., 656; Smith v. Grayson County, 18 Texas Civ. App., 153, 44 S. W., 921.

The rule that the expression of one thing is the exclusion of another is not applicable to the construction of the titles to statutes.   Doeppenschmidt v. International & G. N. Ry. Co., 100 Texas, 532; Newnom v. Williamson, 103 S. W., 656.

Whenever, in the title of an amendatory Act similar language is employed as in the title of the amended Act, the Legislature must be presumed to have again used such language not only for the purpose of identifying the amended Act, but also for the purpose of stating the sub-

ject of the amendatory Act itself. Adam & Wicks v. San Angelo Waterworks Co., 86 Texas, 487.

An amendment of a statute operates to repeal all of the section amended which is not embraced in the amended form, and reference to the number of article amended is sufficient, and meets constitutional requirement. 1 Suth., Stat. Construc., sec. 237, p. 121; Eng. & Scot. Am. Mort. & Inv. Co. v. Hardy, 93 Texas, 295, 55 S. W., 169; City of Austin v. McCall, 95 Texas, 565; Gunter v. Mort. Co., 82 Texas, 496; Charlton v. Cousins, 103 Texas, 116.

*Gaines & Corbett,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The question in the case is whether the Act of the Thirty-third Legislature (chapter 72, page 131, General Laws of 1913) was effective to exclude Matagorda County from those counties of the State entitled to the benefit of the stock law.

Matagorda was included as one of such counties by the Act of 1909. This Act was brought forward in the revision of 1911 as article 7235. Under it an election was duly held in March of 1913 in a certain subdivision of the county to determine whether the stock law should be there put into operation, resulting in favor of the law. An injunction suit assailed the validity of the election upon the ground that by the Act of 1911 Matagorda County was dropped from the list of counties that might avail themselves of the law. The election was sustained, the Court of Civil Appeals holding that the caption of the Act of 1911 was such as not to authorize the attempted omission of Matagorda County in the body of the Act. Holman v. Cowden & Sutherland, 158 S. W., 571. A writ of error was refused in the case. This left the status of Matagorda County as it was under the Act of 1909; that is, article 7235.

The Act of 1913—involved here—is an amendment of article 7235. It, likewise, in the body of the Act, omits, or attempts to omit, Matagorda County from the list of enumerated counties entitled to invoke the stock law; and again, as applied to this Act, the question recurs as to whether the title will support Matagorda County's exclusion from the benefits of the law.

The title of the Act is in these words:

"An Act to amend article 7235, chapter 6, title 124, of the Revised Civil Statutes of Texas, 1911, with reference to the mode of preventing horses and certain other animals from running at large in counties named, so as to include Ochiltree, Moore, Sherman, Hansford, Henderson, Cameron, Hartley, Dallam, Concho, Pecos, Reeves, Wharton, Gonzales, Kerr, Kendall, Haskell, Young, Cottle, Hardeman, and Hall Counties, and declaring an emergency."

No one reading this title could reasonably conclude that the purpose of the Act was other than to merely enlarge article 7235 so as to have

it include in its designation of the counties privileged to prohibit the running of stock at large, the additional counties named. The state-ment that the article was to be amended as to "counties named *so as to include*" those referred to was a distinct assurance that the object of the Act was a limited one, and that its scope was to amend the article in that way and no other. This is true whether the term, "counties named," he construed as meaning those named in the original article or those named in the amendatory Act. The phrase, "so as to include," etc., of itself, definitely fixes the character of the amendment as one seeking no other alteration in the original article than to bring the additional counties within its purview. This is the plain sense of the language, and no amount of reasoning can change it. It gives no hint that Matagorda County, or any other county found in article 7235, was to be dropped from the article and excluded from its benefits. If it was intended to signify that such was to be the effect of the Act, it was a deceptive and misleading title.

The purpose of the constitutional provision in respect to the title of legislative Acts is well understood. It is that by means of the title the legislator may be reasonably apprised of the scope of the bill so that surprise and fraud in legislation may be prevented. True, accord-ing to previous decisions of this court, if the title had only declared that the purpose of the Act was to amend article 7235 of the Revised Statutes, it would have supported an Act amending the article so as to omit Matagorda County. But with this title announcing, as it does, that the article was to be amended in a particular way, no legislator would reasonably have conceived that it was to be amended in another way exactly contrary to that stated. This is a case illustrating the wisdom and justice of the constitutional provision.

The Act, to the extent that it attempted to exclude Matagorda County from the operation of article 7235, violates the Constitution. The re-sult is that Matagorda County is still entitled to avail itself of the stock law as provided in article 7235. The judgments of the District Court and Court of Civil Appeals are accordingly affirmed.

*Affirmed.*