## CITY OF SAN ANTONIO v. ASTORIA.

Motion No. 12688; No. 2010—6732.

Commission of Appeals of Texas, Section A.

Nov. 19, 1936.

For prior opinion, see 96 S.W.(2d) 783.

T. D. Cobbs, Jr., City Atty., and W. C. Davis and Jack H. Davis, Asst. City Attys., all of San Antonio, for plaintiff in error.

Hirshberg, Mueller, Powell & Green, Mueller & Green, and H. W. Green, all of San Antonio, for·defendant in error.

GERMAN, Commissioner.

In our original opinion [96 S.W.(2d) 783, 784], we held "that by virtue of article 1206 of the Revised Statutes of 1925, as amended by the Acts of 1930, 41st Legislature, Fifth Called Session, chapter 75 (Vernon's Ann.Civ.St. art. 1206), the county court at law had jurisdiction to entertain this proceeding when it was transferred to it from the county court of Bexar county."

On motion for rehearing the plaintiff in error has challenged the constitutionality of the act mentioned, claiming that it is in contravention of section 35, article 3, of the Constitution of Texas, in that its caption is too restrictive. The city contends that the caption does not disclose an intention on the part of the Legislature to confer jurisdiction on county courts at law in condemnation proceedings by cities. Doubtless cities of this state have in a great many instances brought condemnation proceedings in · county courts at law since the passage of this act, and for this reason the public interest, as well as the usual principles governing in such matters, requires us to hold this act

valid as against the objection urged, if by any reasonable construction we can do so.

The caption of the act in question is as follows: "An Act amending Article 1206 of Chapter 17, Title 28, Revised Civil Statutes of the State of Texas of 1925 relating to condemnation of property by cities for highway purposes, providing for appointment of Commissioners, for award of damages for property taken or damaged, providing for notices and hearings, prescribing the powers and procedure of such Commissioners, fixing their compensation and providing for filing and trial of oppositions to reports of such Commissioners, providing other incidental matters; and declaring an emergency."

We are strongly inclined to the view that we would not be authorized to hold that the provision beginning with the words "providing for appointment," etc., is a limitation upon the general purpose of "amending Article 1206 of Chapter 17, Title 28," as was true in such cases as Ward Cattle & Pasture Company v. Carpenter, 109 Tex. 103, 105, 200 S.W. 521, and Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, relied upon by plaintiff in error. Construing the caption as a whole, it is not clear that the specific matters mentioned were the sole purposes to be accomplished in amending the article, or that the enumeration of these excludes other purposes. We are not required, however, to rest the decision altogether upon that point.

The portion of subdivision (a) of section 1 of the act (Vernon's Ann.Civ. St. art. 1206, subd. (a) which it is claimed is not covered by the caption is emphasized in the following excerpt: "No property shall be taken without just compensation first made to the owner. If the amount of said compensation shall not be agreed upon, the governing body shall cause to be prepared, on behalf of the city, a statement in writing containing a description of the parcel or parcels of property sought to be taken, the names of the owner or owners thereof, if known, and the purpose for which said property is sought to be taken. *The statement shall be filed with the Judge of a County Court at Law,* if such Court exists in the county where the property is situated, otherwise with the County Judge of such county. Upon filing the statement the Judge shall forthwith, in term time or vacation, appoint a Commission consisting of three

disinterested freeholders of said county who are qualified voters to assess the damages to accrue to said owners, or other interested parties, by reason of condemnation of said property."

We think the italicized language is clearly related to and comprehended within the language of the caption as follows: "And providing for filing and *trial* of oppositions to reports of such Commissioners." A provision for trial of oppositions to reports necessarily comprehends the designation of a court for such trial.

We are decidedly of the opinion that the act is constitutional, and the motion for rehearing is overruled.

Opinion adopted by the Supreme Court.