

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public
Accounts
Austin, Texas

Opinion No. 0-4088
Re: Are the fees provided for
under H.B. 411, 47th Leg., a
proper charge against the appro-
priation for the Governor's Law
Enforcement Fund where the sher-
iff travels to a point outside
the State of Texas and obtains
and returns a prisoner to his
county with or without requisi-

Dear Sir:

tion by the Governor?

   In your letter of October 1, 1941, requesting an opin-
ion of this department, you state that you have a claim by the
Sheriff of Ozona, Texas, for mileage, per diem, etc., for re-
turning a prisoner from Silver City, New Mexico, incurred in
traveling from the State line to Silver City, New Mexico, and
returning thereto. You further state that the Sheriff traveled
without requisition, presumably on waiver, and desire this de-
partment to answer the following question:

   "When a Sheriff travels to a point outside
  the State of Texas and obtains and returns a pris-
  oner to his county, with or without requisition by
  the governor, are the fees provided for under House
  Bill 411 a proper charge against the appropriation
  for the Governor's Law Enforcement Fund?"

   Our attention is called to House Bill No. 411, Acts
of the Regular Session of the 47th Legislature, which recent
enactment raises your question.

   In order to answer the above question is it necessary
that we examine the provisions of House Bill No. 411, 47th Legis-
lature, which Act makes no reference to Articles 1005 and 1006
of Vernon's Code of Criminal Procedure providing a method by
which an officer or person is authorized to go outside the boun-
daries of the State in securing and returning fugitives from
justice, with the latter Article authorizing the officer or per-
son so commissioned by the Governor to receive as compensation
the actual and necessary traveling expenses. These statutes were
involved in the case of Brightman, Sheriff, v. Sheppard, Comptrol-
ler, (Com.App., Section B) 59 S.W.(2d) 112. Referring to Article
1006, the court there held that this statute has reference to the
entire services of the agent in performing the delegated task,
consequently denied a sheriff compensation for mileage under

Article 1030, Code of Criminal Procedure, for his services in going to the State line and returning therefrom with a fugitive from justice. The Brightman case is fully discussed in our Opinion No. O-1016, addressed to you and approved July 6, 1939, it being pointed out therein that although Article 1006 has been amended since the case was decided the rule announced by the court was not affected by the amendment.

It appears that the Legislature for the biennium ending August 31, 1943, made an appropriation to the Executive Department for "payment of rewards and other expenses necessary for law enforcement" and "expenses for returning fugitives from justice;" and it is this appropriation to which you refer in your request as the "Governor's Law Enforcement Fund."

House Bill No. 411, 47th Legislature, does not seek to amend the foregoing statutes. By Section 7 thereof, the Legislature has expressed its intention that this law is cumulative of all other statutes on the subject.

It will be noted that the title to House Bill No. 411, in part, recites:

"An Act providing that any sheriff or deputy sheriff who in the fulfillment of the duties of his office leaves the county in which he holds office to secure and return a prisoner indicted for a criminal offense of the grade of a felony shall be entitled to receive five cents (5¢) per mile for transportation, and that the distance traveled shall be the shortese practicable route between points; provided further that such sheriff or deputy sheriff shall receive a per diem sum not to exceed Five Dollars ($5) per day for meals and lodging; . . ."

Section 1 of the Bill reads:

"Every sheriff, or deputy sheriff, in any county of this State, who shall hereafter arrest, or cause to be arrested, any person, or persons indicted for a criminal offense of the grade of a felony, in the county where such officer is the duly acting sheriff, or deputy sheriff, shall be paid the sum of five cents (5¢) per mile from the state line and return thereto, along the nearest practicable route, to the point where such person or persons has been, or will be, placed under arrest, and in addition thereto, such officer, or officers, shall be paid, not to exceed Five Dollars ($5) per day, per person, for hotel bills,

> meals and other expenses necessarily contracted
> in the performance of such official duty."
> (Underscoring ours)

Section 2 of the Act directs the Comptroller of Public Accounts to pay out of any fund or funds provided for such purpose, such expense upon approval of the account by the District Judge, etc. Section 3 authorizes the commissioners' court to pay the account in the event there are no funds available belonging to the State. Section 4 appears to cover substantially the same matter as Section 3 except applicable to fee counties. There are additional sections to the Act not necessary to mention.

As we construe House Bill No. 411, particularly Section 1, it provides solely for the payment of the five cents (5¢) per mile traveling and other expenses necessarily contracted and incurred outside the boundaries of the State of Texas. While the Act characterizes this expense to be paid as contracted in the performance of such official duty, the Act does not expressly or by implication authorize the sheriff or deputy sheriff to go outside the boundary of the State in the performance of his official duty nor make it his duty to do so. It plainly attempts to recognize his going without reference to Articles 1005 and 1006 of the Code of Criminal Procedure, as an official duty.

We are not here concerned with the question of whether or not the Legislature may authorize such traveling outside the State as a part of the sheriff's official duties. The fact remains that the law presently written, does not do so. This department held in our Opinion No. O-1590, rendered to Honorable Tom A. Craven, County Auditor, McLennan County, Texas, and approved November 2, 1939, that a sheriff would not have authority to go beyond the border of this State and return a prisoner without first obtaining requisition as provided in Articles 1005 and 1006, Vernon's Annotated Code of Criminal Procedure.

The fact that Articles 1005 and 1006 of the Code provides the method and compensation for such services in going after and returning a fugitive from justice, such constitutes a legislative recognition of long standing against such authority, as attempted to be recognized in House Bill No. 411, of the sheriff acting in his official capacity or performing official duties outside the boundaries of the State. It has been stated that when the law confers upon a person powers that he, as a natural person, does not possess, that power cannot accompany his person beyond the boundaries of the sovereignty which has conferred the power and although the Legislature may require or authorize certain official acts to be done beyond the State's limits, such acts are done by express authority or permission, and the power to perform them outside the territorial jurisdiction of the

State is not to be implied.   Mechem, Public Officers, p. 332;
46 C.J. p. 1032.

The title of the Act in question gives no notice
whatever of any service or traveling expense payable for service
rendered outside the State's boundaries to which the provisions
in the body of the Act relate.   On the contrary, it gives notice
that such expense is allowed and shall be paid to one, who at
the time, is engaged "in the fulfillment of the duties of his
office."

Section 35, Article III, Constitution of Texas, reads:

"No bill, . . . shall contain more than one sub-
ject, which shall be expressed in its title.   But if
any subject shall be embraced in an act, which shall
not be expressed in the title, such act shall be void
only as to so much thereof, as shall not be so ex-
pressed."

We quote from 39 Texas Jurisprudence, page 100, as fol-
lows:

"Whether a title is comprehensive or restrictive,
expressed in general terms or particularity, it must
be in agreement and conformity, and not at variance
with the subject of the legislation. . . A title is
deceptive, false or misleading if it disguises the
true purpose of the act and imports a subject differ-
ent from that to which the act relates.   And whether
or not a title states the general purpose of the act,
it is misleading if it states specific purposes in
such manner as to conceal other purposes not stated."

The subject of House Bill No. 411 is plainly at vari-
ance with and conflicts with its title.   Not only that, but we
think it plainly disguises and conceals the true purpose of the
Act, is deceptive and misleading and in plain violation of the
above constitutional provision.   Bitter v. Bexas County, 11
S.W.(2d) 163 (Com.App.) reversing 266 S.W. 224; Sutherland v.
Board of Trustees, 261 S.W. 489, error refused; Ward Cattle &
Pasture Co. v. Carpenter, 109 Tex. 103, 200 S.W. 521, affirming
168 S.W. 408.

In view of the foregoing, it is the opinion of this
Department that House Bill No. 411, Acts of the 47th Legislature,
Regular Session, is unconstitutional and void, in violation of
Section 35 of Article III of theConstitution of Texas, hence,

Hon. George H. Sheppard, page 5 (O-4088)

the fees and charges mentioned therein are not payable from any fund.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Wm. J. R. King, Assistant

APPROVED NOV 15, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:.        BWB, CHAIRMAN

WMK:LM:wb