

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 16, 1947

Honorable Graham Bruce　　　　Opinion No. V-254
County Attorney
Orange County　　　　　　　　　Re:　Authority to hold a stock
Orange, Texas　　　　　　　　　　　　law election in a subdi-
　　　　　　　　　　　　　　　　　　　vision of Orange County
　　　　　　　　　　　　　　　　　　　to determine if horses,
　　　　　　　　　　　　　　　　　　　mules, jacks, jennets and
　　　　　　　　　　　　　　　　　　　cattle may run at large.

Dear Sir:

　　　　We refer to your letter of May 23, 1947, wherein
you request our opinion as to the authority of the Commis-
sioners' Court of Orange County to order an election to en-
able the voters to determine whether horses, mules, jacks,
jennets and cattle shall be permitted to run at large in a
subdivision of Orange County. We are enclosing Opinions
Nos. O-2189, O-2822 and O-6171, by former Attorneys General,
which are pertinent to your inquiry.

　　　　Opinion O-2822 states that an election was held
in Orange County under the provisions of Article 6930 of
Vernon's Civil Statutes, to determine whether hogs, sheep
and goats should be permitted to run at large in Orange Coun-
ty and the determination was that such animals should not
be permitted to run at large. Article 6930 applies to hogs,
sheep and goats.

　　　　Article 6954 of Vernon's Civil Statutes applies
to horses, mules, jacks, jennets and cattle.

　　　　The case of Ex parte Winslow, 164 S.W. 2d 682, in-
volves legislative history relating to Article 6954 which
appeared as Article 7235 in the Revised Statutes of 1911.
Montgomery County was not named in the list of counties
which were authorized to hold stock law elections as there-
in provided. In 1923 that Article was amended by the 39th
Legislature to include Hudspeth County. Montgomery County
was not included. Article 7235 was brought forward in the
Revised Statutes as Article 6954. Montgomery County was
not included in Article 6954, R. S. 1925. In 1929 that
Article was amended so as to include Galveston, Harris, Re-
fugio, Jim Wells and Duval Counties, which are named in

the caption.  Montgomery County was named in the body of
the law, but was not named in the caption.  The Court said:

> "We do find, however, that in the body of
> the Bill there appears for the first time the
> County of Montgomery as one entitled to vote up-
> on such local issue.  By reason of the failure
> to give notice in the caption that Montgomery
> was to be added to such list of counties, we
> think the inclusion of Montgomery County there-
> in was void and ineffective."

The case of Ward Cattle and Pasture Company vs.
Carpenter, 109 Tex. 103, 200 S.W. 521, cited in your letter,
is in accord with the Winslow case.  In that case Matagorda
County was included in Article 6954 but was omitted from the
later Act without mentioning the omission in the caption.
The Court held that the omission of that county from the cap-
tion, was deceptive and did not take the county out of the
provisions of the law.

All laws which affected the pertinent status of
Orange County were superseded by the last amendment of Arti-
cle 6954, which was passed as House Bill No. 150, Chapter
265, Acts of the 48th Legislature, p. 393, being "An Act
amending Article 6954 of the Revised Statutes of Texas of
1925, as the same has been heretofore amended so as to per-
mit certain counties to have a stock law election; and de-
claring an emergency."  That caption is sufficient to ex-
press the subject of the bill, as required by Section 35
of Article III of the State Constitution.  Orange County is
not named in either the caption or body of that amendment
which became effective May 7, 1943.

We are of the opinion that Orange County is not
authorized to hold an election to determine whether horses,
mules, jacks, jennets and cattle may run at large in the
county or in any sub-division of it, by reason of its ex-
clusion from the amendment of Article 6954, by the 48th
Legislature in 1943.  Prior legislative history on the point
is immaterial.

## SUMMARY

Orange County having been omitted from the
title and also from the body of House Bill No. 150,
Acts of the 48th Legislature, p. 393, amending Ar-
ticle 6954, V. C. S., which authorizes named coun-
ties to hold elections to determine if horses,

mules, jacks, jennets and cattle may be permitted to run at large, is not authorized to hold such elections. V. C. S. Art. 6954; Ex parte Winslow 164 S. W. 2d, 682; Ward Cattle and Pasture Co. vs. Carpenter, 109 Tex. 105, 200 S. W. 521; Tex. Const. Art. III, Sects. 35, 36 and 43.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

APPROVED

ATTORNEY GENERAL

WTW:WB:jrb