

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

November 19, 1949

Hon. E. E. Coons
County Attorney
Sherman County
Stratford, Texas

Opinion No. V-947.

Re: Constitutionality of H.B.
558, Acts 51st Leg., rel-
ative to fees of County
Judges, Judges of County
Courts at Law, and Jus-
tices of the Peace.

Dear Sir:

You have requested an opinion on the constitu-
tionality of House Bill 558, Acts 51st Leg., R.S. 1949,
ch. 496, p. 917, amending Article 1052, Vernon's Code of
Criminal Procedure.

H.B. 558 provides:

"An Act to amend Article 1052, Code of Crim-
inal Procedure of Texas, 1925, as amended, so
as to provide a fee of Five Dollars ($5) to
be paid the County Judge or Judge of the Court
at Law in each criminal action tried and fi-
nally disposed of before him; providing this
Act shall be severable; repealing all laws in
conflict; and declaring an emergency

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE
OF TEXAS:

"Section 1. Article 1052 of the Code of
Criminal Procedure of Texas, 1925, as amended,
is hereby amended so as to hereafter read as
follows:

"'Article 1052.

"'Five Dollars ($5) shall be paid to the
County Judge or Judge of the Court at Law and
Two Dollars and Fifty Cents ($2.50) shall be
paid to the Justice of the Peace for each
criminal action tried and finally disposed of
before him. Provided, however, that in all

counties having a population of twenty thousand (20,000) or less the Justice of the Peace shall receive a trial fee of Three Dollars ($3). Such Judge or Justices shall present to the Commissioners Court of his county at a regular term thereof a written account specifying each criminal action in which he claims such fee certified by such Judge or Justice to be correct and filed with the County Clerk. The Commissioners Court shall approve such account for such amounts as they find to be correct and order a draft to be issued on the County Treasurer in favor of such Judge or Justice for the amount due said Judge or Justice from the county. Provided, however, that the fees provided herein shall be paid by the defendant in cases in which a conviction is held. The Commissioners Court shall not however pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney or his assistant, criminal District Attorney or his assistant and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in their judgment there was sufficient evidence in said cause to demand a trial of the same. All fees provided herein which are paid to officers who are compensated on a salary basis shall be paid into the Officers Salary Fund.'"

Article 1052 was amended by H.B. 558 by raising the fee of the County Judge or the Judge of the County Court at Law from $3.00 to $5.00 for each criminal action tried and finally disposed of before him. In addition thereto H.B. 558 contained in the body of the bill a proviso requiring the fees to be paid by the defendant in case of conviction.

Section 35 of Article III of the Constitution of Texas provides:

"No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to

"so much thereof, as shall not be so express-
ed." (Emphasis added.)

The question for our determination is whether
the above quoted provision is included in the caption of
H.B. 558 as required by the above quoted constitutional
provision.

Article 1052 prior to its amendment by the 51st
Legislature contained no provision requiring the fees to
be paid by the defendant in case of conviction. That re-
quirement was added in the body of H.B. 558. We do not
find any provision in the caption which shows that the
additional change was to be made in Article 1052.

We therefore agree with your conclusion that
the provision of H.B. 558 of the 51st Legislature, re-
quiring the fees provided for in Article 1052 to be paid
by the defendant in case of conviction, is in violation
of Section 35 of Article III of the Constitution of Tex-
as. Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.
2d 966 (1945); Texas-Louisiana Power Co. v. City of Far-
mersville, 67 S.W.2d 235 (Comm. App. 1933); Ward Cattle
and Pasture Co. v. Carpenter, 109 Tex. 103, 200 S.W. 521
(1918); A.G. Opinion No. V-919.

## SUMMARY

The provision of House Bill 558 of the
51st Legislature, requiring the fees provided
for in Article 1052 to be paid by the defend-
ant in case of conviction is in violation of
Section 35 of Article III of the Constitution
of Texas. Gulf Insurance Co. v. James, 143
Tex. 424, 185 S.W.2d 966 (1945); Texas-Louisi-
ana Power Co. v. City of Farmersville, 67 S.W.
2d 235 (Comm. App. 1933); Ward Cattle and Pas-
ture Co. v. Carpenter, 109 Tex. 103, 200 S.W.
521 (1918); A.G. Opinion No. V-919.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Price Daniel*

ATTORNEY GENERAL

By *John Reeves*

John Reeves
Assistant

JR:mw:bh