THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



PRICE DANIEL
ATTORNEY GENERAL

September 30, 1949

Hon. Jep S. Fuller                    Opinion No. V-919.
Criminal District Attorney
Beaumont, Texas                       Re: Construction of Art.
                                          974a, V.C.S., as
                                          amended by H.B. 158,
Dear Sir:                                 Acts 51st Legislature

        Your request for an opinion relative to the
construction of Article 974a as amended by the 51st Leg-
islature has been subsequently limited by you to the
following question:

        "If the County Clerk has presented to
    him for recordation a subdivision plat, with-
    in the scope of Art. 974a, as amended, which
    plat has been approved by the proper author-
    ities but which does not locate such subdi-
    vision by a corner of the original survey,
    would it be the duty of such clerk to re-
    ceive and record such plat or to refuse to
    do so?"

        Section 1 of Article 974a, V.C.S., prior to
its amendment by the 51st Legislature provided:

        "That hereafter, every owner of any
    tract of land situated within the corpor-
    ate limits or within five miles of the cor-
    porate limits of any city . . . which con-
    tains twenty-five thousand inhabitants or
    more, . . . who may hereafter subdivide the
    same in two or more parts for the purpose
    of laying out any subdivision . . . shall
    cause a plat to be made which shall ac-
    curately describe all of the subdivision
    of such tract or parcels of land, giving
    dimensions thereof, and the dimensions of
    all the streets, alleys, squares, parks,
    or other portions of same intended to be
    dedicated to public use, or for the use of
    purchasers or owners of lots fronting there-
    on or adjacent thereto."

House Bill 158, Acts of the 51st Legislature, 1949, provides as follows:

"An Act to amend Section 1 of Chapter 231 of the Acts of the Regular Session of the Fortieth Legislature in 1927, appearing as Article 974a of Vernon's Revised Civil Statutes, relative to the approval of subdivision plats within the corporate limits or within five (5) miles of the corporate limits, of certain cities so as to provide that the benefits and the terms thereof shall extend to all cities; repealing Section 10 of Chapter 231, Acts, Regular Session, Fortieth Legislature; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1.  That Chapter 231 of the Acts of the Regular Session of the Fortieth Legislature in 1927, appearing as Article 974a of Vernon's Revised Civil Statutes (Section 7 thereof however, appearing as Article 427b of Vernon's Revised Penal Code), be amended in the following particulars, to wit:

"(1)  Section 1 of said Act, now appearing as Section 1 of said Article 974a, is hereby amended so that it shall hereafter read as follows, namely:

"'Section 1.  That hereafter every owner of any tract of land situated within the corporate limits, or within five miles of the corporate limits <u>of any city in the State of Texas</u>, who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision . . . shall cause a plat to be made thereof which shall accurately describe all of said subdivision or addition by metes and bounds <u>and locate the same with respect to an original corner of the original survey of which it is a part</u>, giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks or other portions of

same intended to be dedicated to pub-
lic use, or for the use of purchasers or
owners of lots fronting thereon or adja-
cent thereto; provided, however, that no
plat of any subdivision of any tract of
land or any addition to any town or city
shall be recorded unless the same shall
accurately describe all of said subdivi-
sion or addition by metes and bounds and
locate the same with respect to an origin-
al corner of the original survey of which
it is a part giving the dimensions thereof
of said subdivision . . . .'" (Emphasis added)

Section 35 of Article III, Constitution of
Texas provides as follows:

"No bill . . . shall contain more
than one subject, which shall be express-
ed in its title. But if any subject shall
be embraced in an act, which shall not be
expressed in the title, such act shall be
void only as to so much thereof, as shall
not be so expressed." (Emphasis added).

In construing the above quoted provision it
has been held that the object of this provision of the
Constitution is to compel the caption to contain the
subjects embraced within the bill. This prevents the
caption from concealing the purpose of the bill and
avoids deception in its adoption. It is by means of
the title that the legislator may reasonably be appris-
ed of the scope of the bill so that surprise may be
prevented. The title that states the purpose to make a
certain change in the prior law limits the amendatory
act to the making of the change designated and precludes
any additional contrary or different amendment. Gulf In-
surance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945);
Werd Cattle and Pasture Co. v. Carpenter, 109 Tex. 103,
200 S.W. 521 (1918); Texas-Louisiana Power Co. v. City of
Farmersville, 67 S.W.2d 235 (Tex.Comm.App. 1933); 39 Tex.
Jur. 103.

We quote from the Gulf Insurance case the fol-
lowing:

"It is significant in this connection
that the bill as originally introduced con-
tained only the matter set out in Section 1

of the Act, Vernon's Ann.Civ.St.art.6687b, § 15, relating to the transfer of the operator's and chauffeur's license fund. The caption to the Act was entirely appropriate to cover that subject, but was not appropriate to cover a transfer of any other funds. Thereafter, some time on the last day of that session of the Legislature, the bill was amended by a free conference committee to include the seventeen additional funds, as provided for in Section 2 of the Act, Vernon's Ann.Civ.St.art.4385a. But no material change was made in the title to the bill when this amendment was added. This created an ideal situation whereby the members of the Legislature might be misled by the title to the Act.

"The title to the Act contains nothing to indicate that the body of the Act purported to transfer the seventeen special funds referred to in Section 2 of the Act, Vernon's Ann.Civ.St.art.4385a. Section 2 of the Act is therefore unconstitutional.

"We by no means intend to insinuate that the title to the Act was so drawn for the purpose of deceiving any one. There is nothing in the record to indicate such purpose. We merely hold that the title to the Act, as drawn, was capable of misleading those interested in the bill."

Article 974a prior to its amendment by the 51st Legislature contained no provision requiring the subdivision or addition to be located with respect to an original corner of the original survey of which it is a part. Such requirement was added in the body of House Bill 158 of the 51st Legislature. We note, however, that the caption does not contain any reference to such additional requirement; nor do we find any provision in the caption which shows that this additional change was to be made in Article 974a. As stated in the Gulf Insurance case, supra, we do not intend to insinuate that the title on this bill was drawn for the purpose of deceiving anyone. It may have been a complete oversight or error. We merely hold that the caption was not sufficient to give notice of the additional change made in the body of the bill.

Hon. Jep S. Fuller, page 5   (V-919)

In view of the above quoted constitutional provision and the above holding by the Texas Supreme Court, it is our opinion that that portion of House Bill 158 requiring subdivisions or additions to be located with respect to an original corner of the original survey of which it is a part, is in violation of Section 35 of Article III of the Constitution of Texas.

You are therefore advised that if the County Clerk has presented to him for recordation the subdivision plat within the scope of Article 974a, as amended by House Bill 158, which plat has been approved by the proper authorities, but which does not locate such subdivision with respect to an original corner of the original survey, he should not refuse to receive and file such plat because of its failure to have a location with reference to an original corner.

## SUMMARY

That portion of House Bill 158, Acts of the 51st Legislature, placing an additional requirement that plats of subdivisions or additions shall locate such subdivisions with respect to an original corner of the original survey is in violation of Article III, Section 35 of the Constitution of Texas, since that part of the amendment was not provided for in the caption of House Bill 158. Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945); Ward Cattle and Pasture Co. v. Carpenter, 109 Tex. 103, 200 S.W. 521 (1918); Texas-Louisiana Power Co. v. City of Farmersville, 67 S.W.2d 235 (Tex.Comm.App.1933); 39 Tex.Jur. 103.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

APPROVED

Price Daniel
ATTORNEY GENERAL

JR:bh:mw