

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 26, 1957

Hon. Robert S. Calvert
State Comptroller of
Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-225

Re: Constitutionality of Section
7, Senate Bill 222, Acts 55th
Legislature, the State Board
of Insurance Act.

Dear Mr. Calvert:

You have requested the opinion of this office as to
the constitutionality of Section 7, Senate Bill No. 222, Acts
of the 55th Legislature (Chapter 499, Vernon's Texas Session
Law Service, p. 1454).

The caption of Senate Bill 222 reads as follows:

"An Act amending Articles 1.02, 1.03, 1.04,
1.05, 1.06, 1.07, 1.08, and 1.09 of the Insur-
ance Code, same being Acts of the 52nd Legis-
lature, Regular Session (1951), Chapter 491,
page 868, as amended; by adding to the Insur-
ance Code Articles 1.09-1, 1.09-2, and 1.09-3;
by creating the State Board of Insurance; pro-
viding for the appointment, bond, and compen-
sation of the members of said Board; prescrib-
ing their qualifications and terms of office,
and the manner in which they shall operate;
providing how vacancies on the Board shall be
filled; defining the duties of the Board, to-
gether with its powers and functions; provid-
ing for meetings of the Board; providing for
appointment of a Commissioner of Insurance
and for his bond and compensation; defining
the duties and powers of the Commissioner of
Insurance; appointing the Commissioner of In-
surance the State Fire Marshal; providing for
the appointment of a Chief Clerk and for his
compensation; defining the powers and duties
of the Chief Clerk; making certain persons in-
eligible to be members of the Board or Commis-
sioner of Insurance, or to hold any office or
employment under either; providing for an ap-
peal from the decisions of the Commissioner
and the Board; providing that the Board and

Commissioner shall be represented by the Attorney
General, and fixing his powers and duties; provid-
ing method for additional examinations of insurers;
providing ineligibility of members of State Board
of Insurance and Commissioner to run for public of-
fice; making certain acts of members of the Board,
the Commissioner, and their employees unlawful and
fixing penalties therefor; repealing all laws and
parts of laws in conflict with the provisions of
this Act to the extent of such conflict only; pro-
viding for severability and savings clause as to
any invalid provision of this Act; and declaring
an emergency."

Section 7 of Senate Bill 222 provides:

"Sec. 7. There is hereby appropriated to the
State Building Commission for the period of time
beginning September 1, 1957, and ending August 31,
1959, to obtain a site, plan, design, construct and
equip an office building or otherwise obtain ade-
quate housing facilities to house the State Board
of Insurance, its offices and employees, all unex-
pended balances on hand or in special funds credited
to the State Board of Insurance Commissioners or to
the State Board of Insurance on August 31, 1957, and
all revenues received by the State Board of Insur-
ance from any source whatsoever, except moneys from
the General Revenue Fund and moneys appropriated
exclusively for other purposes in the General Appro-
priation Bill for the fiscal years ending August 31,
1958, and August 31, 1959.

"The site shall be selected and acquired by
the State Building Commission after obtaining the
advice of a Legislative Committee appointed by the
Lieutenant Governor and the Speaker of the House.
After selection of the site, the State Building Com-
mission is authorized to proceed with the planning,
designing, constructing and equipping of said build-
ing.  Nothing herein shall prevent the State Build-
ing Commission from combining the quarters for said
Board with other quarters for other departments of
the State."

Section 2 of the Act amends Articles 1.02 through
1.09, inclusive, of the Insurance Code.  Sections 3, 4 and 5
add Articles 1.09-1, 1.09-2, and 1.09-3 to the Insurance Code.

Section 7, _supra_, provides for the appropriation of certain moneys received and to be received by the State Board of Insurance Commissioners and its successor, the State Board of Insurance, for the purpose of obtaining a site and constructing an office building thereon to be used by the State Board of Insurance, which site is to be selected and acquired by the State Building Commission with the approval of a legislative committee appointed by the Lieutenant Governor and the Speaker of the House.  There is no reference to any appropriation in the caption, nor does Section 7 purport in any way to amend any articles of the Insurance Code or add an additional article thereto.

It is appropriate at this point to consider the legislative history of Senate Bill 222, which was introduced on February 11, 1957, in the Senate and was referred to the Senate Committee on Insurance.  The bill, as introduced, contained no provision comparable to Section 7 (S.J. *p. 227).  After a public hearing before the Senate Committee on Insurance a committee substitute for the original bill received favorable action in the Committee and was passed out of the Committee on March 6, 1957, with the recommendation that it "do pass and be printed".  With four floor amendments Senate Bill 222 was passed by the Senate on March 11, 1957, but none of the amendments related in any way to the subject matter contained in Section 7( S.J. pp. 449-452).

After passage by the Senate the bill was referred to the Committee on Insurance of the House of Representatives, and on April 30, 1957, the Committee adopted Committee Amendment No. 1 which amended S.B. 222 by striking out all of the bill below the enacting clause and inserting in lieu thereof a bill containing eight sections.  Committee Amendment No. 2, as adopted, amended the caption of the bill to conform to the body of the act.

When the House of Representatives considered S.B. 222, as amended by the House Committee, four floor amendments to the amended bill were adopted, all of which were concerned with the same matters contained in the Senate bill, and as thus amended was passed by the House (H.J. pp. 2525-2528) and returned to the Senate on May 14, 1957, which refused to concur in the amended bill and requested the appointment of a Conference Committee (S.J. p. 1294).

---

\* The letters "S.J." and "H.J." refer, respectively, to the Senate and House Journals of the 55th Legislature.

After having been sent to a Conference Committee S.B. 222, as amended and reported by the Conference Committee, was passed by the Senate (S.J. 1600 & 1619), and the House of Representatives (H.J. pp. 3543 & 3550) on May 23, 1957, the last day of the session. The bill was signed by the Governor on June 12, 1957, and became effective immediately.

Section 7 was inserted in S.B. 222 by the Conference Committee and appeared in the bill for the first time on the adoption of the Conference Report by both the House and the Senate.

Article III, Section 35 of the Constitution of Texas reads as follows:

"Sec. 35. No bill, (except general appropriation bills which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The purpose of the above constitutional provision concerning the title of legislative acts was stated by Chief Justice Phillips in Ward Cattle and Pasture Co. v. Carpenter, 109 Tex. 103, 200 S.W. 521 (1918), as follows:

"It is that by means of the title the legislator may be reasonably apprised of the scope of the Bill so that surprise and fraud in legislation may be prevented. . . ."

And in Arnold v. Leonard, 114 Tex. 525, 273 S.W. 799, 803 (1925), the Court said:

"A caption concealing the true purpose of a statute, and stating an altogether distinct and foreign purpose, is necessarily deceptive and cannot be sustained as complying with Section 35 of Article III of the Constitution."

See Board of Water Engineers v. City of San Antonio, ___ Tex. ____, 283 S.W.2d 722 (1955).

The caption of S.B. 222 states in detail that the purpose of the bill is to amend eight specifically identified provisions of the Insurance Code, and to add three additional articles thereto. The caption further states the general purport of the amendments to the articles, as well as the articles to be added, but nowhere does it appear in the caption that an appropriation of money is made or to whom or for what purpose.

To paraphrase the language of the Supreme Court in Gulf Insurance Company v. James, 143 Tex. 424, 185 S.W.2d 966 (1945), at page 970:

It is significant in this connection that the bill as originally submitted to the Conference Committee contained only the matters set out in Sections 1 to 5, inclusive, the caption to the bill being entirely appropriate to cover the matters therein contained. Thereafter, some time on the last day of the session of the Legislature the bill was amended by a free conference committee to include Section 7, but no material change was made in the title to the bill when this amendment was added. "This created an ideal situation whereby the members of the Legislature might be misled by the title to the Act" (185 S.W.2d 970). The title to the act contains nothing to indicate that the body of the act purported to appropriate money from certain funds to the State Building Commission for the purpose of purchasing a site and erecting a building with the approval of a legislative committee. Section 7 of the act is therefore unconstitutional.

Senate Bill 222 contains a subject not expressed in the title, and the caption is insufficient to give notice of the addition of Section 7 to the body of the bill. Therefore it is the opinion of this office that Section 7 of Senate Bill 222, Acts 55th Legislature, violates the provisions of Article III, Section 35, Constitution of Texas, and is unconstitutional and void.

This opinion is restricted to the constitutionality of Section 7, Senate Bill 222, only.

SUMMARY

Section 7, Senate Bill 222, Acts 55th Legislature, 1957, is unconstitutional as violative of Article III, Section 35, Constitution of Texas.

Very truly yours,

WILL WILSON
Attorney General of Texas

By C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
W. V. Geppert
J. C. Davis, Jr.
Mary Kate Wall

REVIEWED FOR THE ATTORNEY GENERAL

BY:      Geo. P. Blackburn