**RUTLEDGE et al. v. ATKINSON, County Judge, et al.**

No. 8588.

Court of Civil Appeals of Texas. Austin.

Jan. 13, 1937.

W. A. Wright, of San Angelo, for appellants.

Upton & Upton and Travis E. Baker, all of San Angelo, for appellees.

McCLENDON, Chief Justice.

This case involves, as its controlling question, the validity of that portion of chapter 128, p. 328, Gen. Laws Reg.Sess. 43d Leg., 1933 (Vernon's Ann.Civ.St. art. 1601), which increased from five to ten years the time in which an election for removing a county seat could not be held after a prior election for that purpose. The suit was by taxpaying citizens of Irion county to enjoin the county judge and other officials from moving the county seat from Sherwood to Mertzon, in accordance with an election held on September 5, 1936; a previous valid election retaining the county seat at Sherwood having been held April 2, 1927; and to enjoin the negotiation of bonds voted to build a courthouse at Mertzon. Both Sherwood and Mertzon are less than five miles from a railroad, and therefore the exceptions relating to towns not so situated are not involved. Concededly, the election was valid and carried in favor of the removal by the requisite vote. The trial court held the 1933 act invalid in the particular named, because that subject was not embraced in the title of the act as required by article 3, § 35, Texas Constitution.

Article 1601, R.C.S.1925, and the 1927 amendment thereof (chapter 185, p. 264, Gen. Laws 40th Leg.Reg.Sess.), fixed at five years the time within which such election could not be held after a prior election. The title to the 1933 act reads: "An Act to amend Article 1601, Chapter 5, Title 33, of the Revised Civil Statutes, of the State of Texas, 1925, as amended by Acts 1927, 40th Legislature, Regular Session, Page 264, Chapter 185, so as to require all indebtedness against a courthouse or courthouses shall be paid in full before the county seat of any county can be moved from its present location; repealing all laws or parts of laws in conflict herewith; declaring a rule of construction, and declaring an emergency."

The body of the act, in addition to the unpaid courthouse indebtedness, repealing..

construction, and emergency provisions, increased to ten years the time within which a subsequent election might not be held.

The question thus presented has been specifically adjudicated in favor of the trial court's holding in Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 200 S.W. 521, Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, 803, and, in principle at least, in a number of other cases which will be found cited in 39 Tex.Jur. pp. 102-105, § 48. The rule announced in these cases is to the effect that, although an act may be amended in any germane particular by an amendatory act, the title of which merely refers to the act or article sought to be amended, without specifying in what the amendment consists, yet when such title states the particular respect in which the amendment consists, any amendment not germane to that specified is invalid as being repugnant to the invoked constitutional provision.

In the Carpenter Case the act involved sought to amend the stock law, "so as to include" (so runs the title) certain named counties. The body of the act omitted Matagorda county, theretofore included. The act was held invalid in this particular. We quote from the opinion (Chief Justice Phillips writing): "The purpose of the constitutional provision in respect to the title of legislative acts is well understood. It is that by means of the title the legislator may be reasonably apprised of the scope of the bill so that surprise and fraud in legislation may be prevented. True, according to previous decisions of this court, if the title had only declared that the purpose of the Act was to amend Article 7235 of the Revised Statutes, it would have supported an act amending the article so as to omit Matagorda County. But with this title announcing, as it does, that the article was to be amended in a particular way, no legislator would reasonably have conceived that it was to be amended in another way exactly contrary to that stated. This is a case illustrating the wisdom and justice of the constitutional provision."

In Arnold v. Leonard the involved titles provided for amendment of designated statutes (the married women's property laws) "by providing" certain specified things. The reasoning in the Carpenter Case was approved in the following quotation (Associate Justice Greenwood writing): "The caption is not content to state a purpose to amend certain statutes, but proceeds to specify the nature of the proposed amendment. Thus the caption declares that the amendment consists of a provision authorizing the wife, on order of the district court, to convey her separate real estate, bonds, and stocks without joinder by her husband, when he is insane or has permanently abandoned his wife. This language not only gives no notice of an intention to change the status of certain property from community property to the wife's separate property, but completely disguises any such intention. A caption concealing the true purpose of a statute, and stating an altogether distinct and foreign purpose, is necessarily deceptive, and cannot be sustained as complying with section 35 of article 3 of the Constitution. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. [103] 105, 200 S.W. 521."

The recent case of Texas-Louisiana P. Co. v. Farmersville (Tex.Com.App.) 67 S. W.(2d) 235 (opinion by Associate Justice Sharp) is practically identical with that at bar. There the title of the act (Acts 42d Leg.1931, c. 226) provided for the amendment of article 1119, R.C.S. (Vernon's Ann.Civ.St. art. 1119 note), "so as to change the population of towns coming within its scope from two thousand (2,000) to five hundred (500)." A provision in the body of the act changing the rate of interest upon investment allowed public service corporations under rate regulations was held void as not being embodied in the title.

The application of the above announced principles to the case before us is too plain to require extended discussion. The language of the title of the 1933 act "to amend * * * so as to require" clearly imports that the act is to be amended only in the stated particulars. That increasing the time within which a subsequent election cannot be held is wholly foreign to any of the designated respects in which the act is by its title recitations to be amended, is obvious.

Appellants chiefly rely upon an expression of Chief Justice Gaines in Doeppenschmidt v. R. Co., 100 Tex. 532, 101 S.W. 1080, 1081, reading: "We are of the opinion that the rule that the expression of one thing excludes another should not be applied to the title of a statute." The court did not have under consideration an act amendatory of a prior law; but an original enactment (Acts 27th Leg., 1901, c. 117)

upon a subject theretofore not legislated upon, namely, prohibiting railroads from permitting Johnson grass and Russian thistle to seed on their right of way. The title reads: "An Act to prohibit railroad and railway companies or corporations in this State from permitting Johnson grass or Russian thistles from going to seed upon their right of way, and fixing a penalty."

In addition to providing a penalty, the body of the act also provided for recovery of consequential damages by owners of land contiguous to the right of way.

We quote somewhat at length from the opinion in order to show the connection in which the above quotation (which we have italicized) appears:

"The subject of the act is the permitting Johnson grass to go to seed upon the right of way of railroad companies in this state, and the object is to prohibit such companies from allowing that result. To prohibit a corporation from doing an act or from allowing a result to be brought about, without providing means for the · enforcement of the law, would in many cases be but an empty declaration. Hence in a statute, the title of which is merely to prohibit the doing of an act or the allowing of a thing to be done, we would reasonably expect to find a provision or provisions for giving it force and effect; and hence it would seem that the statute in question would have been effective in all its parts if the words 'and fixing a penalty' had been omitted. The right of action for damages and a penalty given to the contiguous landowners are, in the language of Judge Dillon above quoted, 'calculated to carry the declared object into effect,' and are therefore 'unobjectionable.'

"Now as we think, when the Legislature made it unlawful for a railroad company to permit Johnson grass to go to seed upon its right of way, any contiguous landowner who was injured by a violation of the statute would have had a right of action for his damages without any express provision to that effect; but if the act had provided merely a penalty, without mention of a right of action for damages, it might well be held that no sanction other than the penalty was intended for its enforce-

ment. Gulf, C. & S. F. Ry. Co. v. Moore, 98 Tex. 302, 83 S.W. 362 [4 Ann.Cas. 770]. Hence it is reasonable to presume that, when the act was passed, the Legislature deemed it best not to leave this matter to inference, but to express that the affixing of a penalty should not exclude a right of action for any damage that might be inflicted upon the adjacent landowner by a failure to obey the law.

"It is clear that the act in question contains but one subject; and that that subject is sufficiently expressed in the title, unless the expression above quoted be held to limit the effect of the previous language. *We are of the opinion that the rule that the expression of one thing excludes another should not be applied to the title of a statute.* It would be burdensome if not intolerable to require that the title should be as full as the act itself. The word 'title' implies that no such requirement exists. The purpose of the constitutional provision is merely to reasonably apprise the legislators of the contents of the bill, to the end that surprise and fraud in legislation may be prevented. We think the title in question sufficiently full to give reasonable notice of the contents of the act, and therefore answer that, in our opinion, so much of the statute as gives a right of action to the owner of land contiguous to the right of way of a railroad company is valid."

The distinction between the holding in the *Doeppenschmidt* and that in the *Carpenter* and other like cases rests upon logical and salutary principles of construction. It is not necessary to resort to subtleties in reasoning to reconcile the two holdings. Nor is it necessary to apply the rule of exclusio unius to uphold the latter. It is rested upon the sound and logical proposition that, where a title states that a designated act is to be amended in a specified particular, amendment in such particular constitutes the subject matter of the proposed legislation. Anything germane thereto is expressed in the title; anything not germane, but wholly foreign thereto, is not expressed in the title.

The trial court's judgment is affirmed.

Affirmed.