

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6013
Re: Distribution of money
collected at a tax sale,
in excess of the taxes,
penalty, interest and
cost due on the property
sold.

We have your letter of May 10th, in which you enclose a copy of a letter, addressed to you, from J. M. Fraley, Assessor-Collector, Wharton County, with reference to the distribution of money collected at a tax sale in excess of the taxes, penalty, interest and cost due on the property sold. We also have a copy of a letter dated June 7th, signed by J. M. Fraley, in which additional facts are stated.

The facts stated in Mr. Fraley's letter, as supplemented by his letter of June 7th, are briefly:

Wharton County, joined by the State of Texas and certain common school districts, filed a number of suits in the District Court of Wharton County to foreclose their tax liens. Judgments were granted to the plaintiffs for the amounts of the taxes due plus interest, penalty and costs. An order of sale was issued and in compliance therewith the land was advertized and sold. The property, in some cases, was purchased by individuals who paid more than the taxes, penalty, interest and cost due on the property.

Your question is: What disposition should be made of the excess thus obtained? We presume that the tax sales to which you refer were made under the authority of judgments

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

obtained in accordance with the provisions of Article 7345b, Vernon's Annotated Civil Statutes.

Article 7328, Revised Civil Statutes of 1925, relating to the disposition of the proceeds received by the sheriff from the sale of land, sold under a judgment foreclosing a lien for taxes, provides in part, as follows:

". . . and after the payment of the taxes, interest, penalty and costs adjudged against it, the remainder of the purchase price, if any, shall be paid by the sheriff to the clerk of the court out of which said execution or other final process issued to be retained by him subject to the order of the court for a period of two years, unless otherwise ordered by the court, after which time the court may order the same to be paid to the State Treasurer, who shall hold same in trust to be paid to the owner against whom said taxes were assessed; provided any one claiming the same shall make proof of his claim to the satisfaction of the State Treasurer within three years after the sale of said land or lots, after which the same shall be governed by the law regulating escheat. . . ."

Article 7328 was amended in 1927, and the words we have above underscored were omitted from the bill as passed by both houses of the Legislature. Said words were also omitted from the enrolled bill, and consequently from the printed statutes. This omission, had same been legally done in accordance with the Constitution of Texas, would have had the effect of so amending the Act of 1927 as to have caused same to read as it now appears in the printed statutes of Texas as Article 7328; in other words, the law would now be as same reads with the words underscored by us, omitted therefrom.

We have made a careful investigation of the facts surrounding this omission, and of the law applicable thereto. And from the applicable authorities we are of the opinion that this omission of the underscored words from the amendment of 1927 was of no legal force or effect, and that

Honorable George H. Sheppard, page 3

the underscored words, notwithstanding their omission from the amendatory act of 1927, remain, and may be properly considered, a part of said law.

We are forced to said conclusion by the following:

The caption of said amendatory act of 1927 reads as follows:

"An Act to amend Article 7328 (7689) of the Revised Civil Statutes of 1925, which Article relates to and provides for proceedings in tax suits and the manner provided by law in ordinary foreclosure suits in the district courts of this state; and which Amendment to said Article 7328 provides that sales contemplated in tax foreclosure suits shall be made in the manner prescribed for the sale of real estate under execution; and declaring an emergency." (See Laws of Texas 1927, Ch. 99, p. 260).

An inspection of said title, or caption, discloses that the purpose of the amendatory act, as disclosed by said title, is the SINGLE PURPOSE of providing "that sales contemplated in tax foreclosure suits shall be made in the manner prescribed for the sale of real estate under execution."

Said caption in no way mentions or indicates any purpose to amend the statute as the same would stand amended if the words underscored by us were left out of the law.

We thus have before us a situation where an amendatory act expresses a purpose, in its caption, to amend a law in one specific particular, thus limiting the amendment to that particular, but notwithstanding this limitation in the caption, then attempting to further amend the law by the omission therefrom of a provision not mentioned in the caption, and not germane to any purpose named in the caption.

The rule of construction applicable to this situation is as follows:

"Although an act may be amended in any germane particular by an amendatory act, the title

Honorable George H. Sheppard, page 4

of which merely refers to the act or article
sought to be amended without specifying in what
the amendment consists, yet when such title states
the particular respect in which the amendment
consists, any amendment not germane to that spe-
cified is invalid as being repugnant to the in-
voked constitutional provision." (See Rutlege,
et al. v. Atkinson, et al., 101 S.W. (2d) 376;
Ward Cattle and Pasture Co. v. Carpenter, 200
S.W. 521; Arnold v. Leonard, 273 S.W. 799;
Texas-Louisiana P. Co. v. Farmersville (Tex.
Com. App.) 67 S.W. (2d) 235; Ex parte Heart-
sell, 38 S.W. (2d) 803; Landrum v. Centennial
Rural High School District No. 2, 134 S.W.
(2d) 363; Also see 39 Tex. Jur. section 48,
and the cases therein cited and in the sup-
plements thereto; also see Constitution of
Texas, Article 3, section 35).

It is plain to us that the omission referred to by
us is, under the authorities above cited, void and of no ef-
fect under the Constitution of Texas, said omission not be-
ing germane to the purpose of the amendment as same was ex-
pressed in the caption of the amendatory act. It necessarily
follows that the omitted words (which we have underscored
above) remain and are a part of the law, notwithstanding
their said omission from the amendatory act of 1927.

We are fortified in the conclusion just stated by
the decision of the Austin Court of Civil Appeals in the
case of Booty, et al. v. State. This decision was rendered
in February of 1941. The opinion was written by Mr. Justice
Blair. In the Booty case, the court said that "the sole
question in the case involves a construction of Art. 7328
and the methods of sales of property for taxes therein pro-
vided." In the opinion, the court construed said Article
7328 to be and read as we have construed it in this opinion
to be and to read. The court, in commenting upon the provi-
sion of said Article 7328, in part said:

". . . where there are bidders for the prop-
erty and it is sold for more than the amount of
the taxes, the excess shall be deposited with the

Honorable George H. Sheppard, page 5

clerk of the court pending the two year period
for redemption of the land by the owner, to be
disposed of by the judgment; that unless it is
redeemed within that time, then the clerk shall
deposit the excess with the State Treasurer, who
shall hold it in trust to be paid to the owner
against whom said taxes were assessed, provided
such owner or the one claiming the same shall
make proof of claim to the satisfaction of the
Treasurer within three years after the sale of
the land, after which time the fund is subject
to the law of escheat." (See Booty, et al. v.
State, 149 S.W. (2d) 216).

Mr. Justice Blair, in said opinion, assigned no
reasons for treating the words omitted from the 1927 amend-
ment as being still a part of the law. But we cannot as-
sume that the Court of Civil Appeals so did without good
reason. Rather, we shall assume that the court was impelled
to its conclusion by the same line of reasoning which has
guided us to the same conclusion in this opinion.

In 1937 the Legislature enacted additional legis-
lation relating to the collection of delinquent taxes which
is now Article 7345b, V.A.C.S. In regard to the disposition
of the excess amount of money received from the "first sale"
where the purchaser is other than a taxing unit, Section 8
of the Act provides:

"No property sold for taxes under decree in
such suit shall be sold to the owner of said prop-
erty, directly or indirectly, or to anyone having
an interest therein, or to any party other than a
taxing unit which is a party to the suit, for less
than the amount of the adjudged value aforesaid of
said property or the aggregate amount of the judg-
ments against the property in said suit, whichever
is lower, and the net proceeds of any sale of such
property made under decree of court in said suit
to any party other than any such taxing unit shall
belong and be distributed to all taxing units which
are parties to the suit which by the judgment in
said suit have been found to have tax liens against

Honorable George H. Sheppard, page 6

such property, pro rata and in proportion to the
amounts of their respective tax liens as estab-
lished in said judgment, but any excess in the
proceeds of sale over and above the amount neces-
sary to defray the costs of suit and sale and other
expenses hereinabove made chargeable against such
proceeds, and to fully discharge the judgments
against said property, shall be paid to the parties
legally entitled to such excess."

Section 13 of the Act provides:

"The provisions of this Act shall be cumula-
tive of and in addition to all other rights and
remedies to which any taxing unit may be entitled,
but as to any proceeding brought under this Act, if
any part or portion of this Act be in conflict
with any part or portion of any law of the State,
the terms and provisions of this Act shall govern
as to such proceeding. The provisions of Chapter
10, Title 122 of the Revised Civil Statutes of
1925 shall govern suits brought under this Act ex-
cept as herein provided."

In view of the provisions of this section it be-
comes apparent that Article 7328 and Article 7345b should be
read and construed together. Section 8 of Article 7345b
provides, simply, that in the case of any excess in the pro-
ceeds of sale over and above the amount necessary to pay the
cost of suit and sale and other expenses and to fully dis-
charge the judgments against said property it shall be paid
to the parties legally entitled to such excess. To determine
who is legally entitled to such excess we must refer to
Article 7328. By the provisions of that Article, we find
that the sheriff must pay the excess to the Clerk of the
Court out of which said execution or other final process is-
sued to be retained by him, subject to the order of the Court,
for a period of two years, unless otherwise ordered by the
Court, after which time the Court may order the same to be
paid to the State Treasurer, who shall hold the same in trust
to be paid to the owner against whom said taxes were assessed;
provided, any one claiming the same shall make proof of his
claim to the satisfaction of the State Treasurer within three
years after the sale of said land or lots, after which the
same shall be governed by the law regulating escheat.

Honorable George H. Sheppard, page 7


     We believe the procedure outlined above is to be followed in all instances where the sheriff has an excess of money derived from the "first sale."

     In regard to the disposition of excess funds collected where the property is bid in by one of the taxing units at the "first sale" and held for the two-year period and later sold at the "second sale," we refer you to this department's Opinion No. O-6000, copy of which is enclosed.

     Trusting this fully answers your inquiry, we are

                Yours very truly

            ATTORNEY GENERAL OF TEXAS

     By *Benjamin Woodall*

                  Benjamin Woodall
                    Assistant

     By *H. T. Bob Donahue*
              H. T. Bob Donahue

HTBD:db

Enclosure

APPROVED OCT