

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 5, 1957

Honorable Henry Wade,
District Attorney, Dallas County,
Records Building,
Dallas, Texas.

Opinion WW-86

Re: Whether or not the monies
collected by the Chief
Probation Officer of Dallas
County, Texas, for child
support in divorce cases
under orders of the Dis-
trict Court should be
deposited with the County
Treasurer upon receipt of
same.

Dear Sir:

Your opinion request submitted by John B. Webster,
Assistant District Attorney, dated March 6, 1957 and received in
this office on March 20, 1957, reads in part as follows:

"The County Treasurer of Dallas County
recently requested the opinion of this office
as to 'whether or not the monies collected by
the Chief Probation Officer of Dallas County,
Texas, for child support in divorce cases under
orders of a District Court should be deposited
with the County Treasurer upon receipt of same'.

"We necessarily have construed this question
to mean whether such funds are required by law to
be so deposited. We also necessarily construe
the question to apply only to those cases in which
such a deposit would not interfere with the proper
handling of such funds by the Chief Probation
Officer under the terms of the judgment of the
District Court."

As stated by your inquirty, Articles 5142a and 5142c-2
of Vernon's Civil Statutes, govern the receipt and disbursement
of certain funds for support of wife and children but these
Articles appear to apply only in wife and child desertion cases.
Further, although Article 5142-1 of Vernon's Civil Statutes
provides for the maintenance of a "child support office", this
Article makes no provision for the receipt and disbursement of
the funds with which this inquiry is concerned.

Article 1656a of Vernon's Civil Statutes appears to be the only statutory provision governing the disposition of such monies when collected.   This article was originally enacted by Acts of the 43rd Legislature, Regular Session, Chapter 98, page 217 and as originally enacted, provided in part as follows:

"Article 1656a. The County Auditor in counties having a population of one hundred ninety thousand (190,000) or more according to the last preceding or any future Federal Census shall prescribe the system of accounting for the county and the forms to be used by all persons in the collection and disbursement of county revenues, funds, fees, and all other moneys, whether belonging to the county, its subdivisions or precincts, or to, or for the use or benefit of any person, firm, or corporation; . . . . Should the County Auditor deem it to be to the best interest of the county or deem it necessary in order that the provisions of this law may be better enforced or in order that the legislative intent to conserve the funds be carried out, he shall have the right to prescribe that all of the fees and moneys herein referred to shall be turned over to the County Treasurer by such officer as collected, and such money shall be deposited in the county depository in a special fund to the credit of such officer and draw interest for the benefit of the county, which funds, when so deposited in such depository, shall be secured by the bond of such depository . . . ." (emphasis added).

Article 1656a was amended by Acts of the 44th Regular Session Ch. 122, p. 330.   The amendatory act reads in part as follows:

"Section 1. That Article 1656a, added to Title 34, Subdivision 2, of the Revised Civil Statutes of Texas, of 1925, by Section 1 of House Bill 875 passed at the Regular Session of the Forty-third Legislature, same being Chapter 98, Page 217, of the Acts of the Regular Session, 1933, be and the same is hereby amended so as to read hereafter as follows:

"Article 1656a. The County Auditor in counties having a population of one hundred ninety thousand (190,000) or more according to the last preceding or any future Federal Census shall prescribe the system of accounting for the county and the forms to be used

by the District Clerk, the District Attorney and all county and precinct officers and by all persons in the collection and disbursement of county revenues, funds, fees, and all other moneys collected in an official capacity whether belonging to the county, its subdivisions or precincts, or to, or for the use or benefit of, any person, firm, or corporation; . . . .All of the fees, commissions, funds, and moneys herein referred to shall be turned over to the County Treasurer by such officer as collected, and such money shall be deposited in the county depository in a special fund to the credit of such officer and draw interest for the benefit of the county, which funds, when so deposited in such depository, shall be secured by the bond of such depository. . . . ."(Emphasis added).

The purpose and scope of the foregoing Amendatory Act, as set forth in the caption, are as follows:

"An Act to amend Article 1656a, Title 34, Subdivision 2, Revised Civil Statutes of Texas of 1925, being House Bill No. 875, Chapter 98, Page 217, General and Special Laws enacted by the Forty-third Legislature at its Regular Session, 1933; providing that the County Auditor in certain counties shall prescribe the system, forms, and reports to be used in connection with the receipt and disbursement of county revenues, funds, fees, and moneys received and disbursed by county and precinct officers so as to include the District Clerk and District Attorney; providing for the repeal of all laws in conflict herewith; providing that if any part of this Act shall be declared unconstitutional, it shall not affect the validity of the remainder, and declaring an  emergency."

The caption of the Amendatory Act restricts the scope of the Amendment to the inclusion of the District Clerk and District Attorney among the officers who may be subject to the regulations of the County Auditor.  It is noted, however, that the body of the Act undertakes to amend Article 1656a in other respects not set forth in the caption.  One such attempted amendment, which is germane to our inquiry, would strip the County Auditor of discretion relative to requiring certain monies to be deposited with the County Treasurer and make it mandatory that such monies be so deposited as collected. We emphasize that this latter amendment was not set forth in the caption.

It is well established that an amendatory act must be limited to the purpose or subject stated in its title or caption; and as to any subject or matter included in the body, but not mentioned in the caption, the Act is void under Section 35 of Article III of the Constitution of Texas, which reads as follows:

"No Bill . . . . . shall contain more than one subject which shall be expressed in its title; but if any subject shall be embraced in an act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be so expressed."

The foregoing general rule finds substantiation in the case of Landrum vs. Centennial Rural High School District No. 2 (Tex. Civ. App.) 134 S.W. 2d 353, which states:

"No rule is better established than the one that where a title or a caption of an act specifies the particular field of the amendment, and that it is to cover or state a particular purpose to make a change in a prior statute, the amendment is limited to the making of the specific change designated in its title, and precludes any additional contrary or different amendment than that stated in the title. Rutledge v. Atkinson, Tex. Civ. App., 101 S.W. 2d 376; Walker v. State, 134 Tex. Cr. R. 500, 116 S.W. 2d 1076; Sutherland v. Board of Trustees, Tex. Civ. App., 261, S.W. 489."

Article 1656a, as originally enacted, vested wide discretionary authority in the County Auditor relative to prescribing the method and manner of receiving, depositing and disbursing monies collected by the various county and precinct officers named in said article, which authority would apply to monies collected by the Chief Probation Officer of Dallas County for child support in divorce cases. Since the amendatory act, for reasons stated, was void, insofar as it sought to amend this provision of the original act, the County Auditor is still vested with such discretionary authority unaffected by the amendatory act.

You are therefore advised that monies collected by the Chief Probation Officer of Dallas County for child support in divorce cases under orders of a District Court, should be deposited with the County Treasurer upon receipt of same if such is required by the County Auditor pursuant to the provisions of Article 1656a as originally enacted.

We gratefully acknowledge the assistance given us by the very able brief submitted by Mr. Webster in connection with your

request.

## SUMMARY

Monies collected by the chief probation officer of Dallas County, for child support in divorce cases under an order of the District Court, should be deposited with the County Treasurer upon receipt of same if such is required by the County Auditor pursuant to the provisions of Article 1656a as originally enacted.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:pf:rh

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler,
         Chairman

Wayland C. Rivers, Jr.
Byron Fullerton
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn