

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 5, 1972

Honorable Marie Winters            Opinion No. M- 1165
Firemen's Pension Commissioner
503-F Sam Houston Building      Re:   Whether the Chief of the
Austin, Texas 78701                        Fire Department (under
                                                      Article 1269m, V.C.S.) has
                                                      sole authority to place a
                                                      fireman on disability re-
                                                      tirement or demand he re-
                                                      turn to work, or whether
                                                      the local Pension Boards
                                                      have the authority to de-
                                                      termine (under Art. 6243e,
                                                      V.C.S.) the degree and
                                                      date of the fireman's dis-
                                                      ability? If Art. 1269m,
                                                      Sec. 9, is controlling,
                                                      what is its constitutional
Dear Mrs. Winters:                          effect upon Art. 6243e?

        Your original opinion request, together with your supple-
mental request, ask the following questions:

        Whether the Chief of the Fire Department under
        Article 1269m, Section 9, Vernon's Civil Statutes,
        has sole authority to put a fireman on disability
        retirement or demand he return to work, or whether
        the local Pension Boards have the authority to de-
        termine the degree and date of disability as pro-
        vided in Article 6243e, Section 7, Vernon's Civil
        Statutes, known as the Firemen's Relief and Retire-
        ment Law. If Article 1269m, Sec. 9, is controlling,
        what is its constitutional effect upon Article 6243e?

        Article 1269m was originally enacted in 1947, Article 6243e
was originally enacted in 1937. In 1957 the relevant sections of
both Articles were amended at the Regular Session of the 55th

-5680-

Legislature.  As amended, these Sections have remained extant to this time.  The relevant portion of Article 1269m, Section 9, reads:

> "When a Fireman or Policeman is given a physical examination to determine if he is physically able to continue his duties, the physician appointed by the Commission to make such examination shall submit a complete physical report to the Chief of the Fire Department if the person so examined is a Fireman, and to the Chief of the Police Department if the person so examined is a Policeman.  <u>The Chief of each respective Department shall be the sole judge as to whether or not such Fireman or Policeman is able to continue his duties.</u>"  (Emphasis added.)

The relevant portion of Article 6243e is that portion of Section 7 which reads:

> "Whenever a person serving as an active fireman duly enrolled in any regularly active fire department in any city or town in the State having a population of less than five hundred thousand (500,000) according to the last preceding Federal Census, which city or town is now within, or may hereafter come within the provisions of this Act, shall become physically or mentally disabled while in and/or in consequence of, the performance of his duty, said <u>Board of Trustees</u> shall upon his request, or without such request if it shall deem proper and for the good of the department, <u>retire such person from active service either upon total or partial disability as the case may warrant</u> . . ."  (Emphasis added.)

When there is no direct and irreconcilable conflict between two statutes they will be construed to give effect to both statutes.  <u>International Service Co. v. Jackson</u>, 335 S.W.2d 420 (Tex.Civ.App. 1960, error ref. n.r.e.).  There is also the presumption that where there is no express repeal in the enactment of a new law that the Legislature intended all prior statutes to remain in effect.  <u>Cunningham v. Henry</u>, 231 S.W.2d 1013

(Tex.Civ.App. 1950, error ref. n.r.e.).  Texas does not favor repeal of laws by implication.  Halsell v. Texas Water Comm., 380 S.W.2d 1 (Tex.Civ.App. 1964, error ref. n.r.e.); American Canal Co. v. Dow Chemical Co., 380 S.W.2d 662 (Tex.Civ.App. 1964, error dism.).

Ordinarily, where an irreconcilable conflict exists between two statutes and no provision for repeal is in either, the general rule is:  In construing acts passed at the same session of the Legislature which do not have an express repeal and which have an irreconcilable conflict between them, the whole must be taken and construed as one act (i.e., the original act and its amendment).  The one passing the last House of the Legislature later in time will control and be the effective act, regardless of when it was approved or signed or to become effective.  Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); Wright v. Broeter, 145 Tex. 142, 196 S.W.2d 82 (1946); Ex parte Maria de Jesus de la O, 227 S.W.2d 212 (1950).

The amendment to Article 1269m was contained in House Bill No. 79 (Acts 55th Leg., R.S., 1957, ch. 391, p. 1171).  This Bill passed the House on March 5, 1957; the Senate amended the bill and passed it on May 16, 1957.  Article 6243e was amended by House Bill No. 68 (Acts 55th Leg., R.S., 1957, ch. 275, p. 617).  House Bill No. 68 passed the House on April 16, 1957, and passed the Senate on May 9, 1957.  House Bill No. 79, amending Article 1269m passed both Houses later in time.  However, the caption of the 1957 amendment to Article 1269m was faulty. It omitted any reference to Section 9, or the fact that this Section of the act was to be amended by adding the subject paragraph or that the subject matter was to be added in any manner. The body of the Act specifically includes Section 9 and the amendment thereto (Sec. 2 of the Act).

Article III, Section 35 of the Texas Constitution reads in its relevant part:  "No bill . . . shall contain more than one subject, which shall be expressed in its title.  But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

In White v. State, 440 S.W.2d 660 (Tex.Crim. 1969), the court said, " . . . A somewhat stricter rule of conformity of title to subject matter legislated on in body of the act is applied to amendments than to titles of original acts. . . ." (at p. 665). The court also stated:  "It is well established that when the title of an original act embraces matters covered by an amendment, the title or caption of the amendment need not state the subject of the law amended or specify the nature of the proposed amendment, but new substantive matter in the amendment, not germane to the provision amended, is invalid as legislation on matters not expressed in the title of the amendatory act." (at p. 665).  Rutledge v. Atkinson, 101 S.W.2d 376 (Tex. Civ.App. 1937, no writ); Walker v. State, 116 S.W.2d 1076 (Tex. Crim. 1938, no writ); Ex parte Heartsill, 38 S.W.2d 803 (Tex. Crim. 1931).

Since the caption to the 1957 act which amended Section 9 of Article 1269m is faulty, the amendment is invalid and unconstitutional.  As a result, Article 6243e, giving the local pension boards the authority to determine the degree and date of a fireman's disability, is the existing law to be followed.

### S U M M A R Y

Since the caption or title of the act amending Section 9 of Article 1269m, V.C.S., is faulty, the amendment is invalid and unconstitutional.  Article 6243e, V.C.S., giving the local pension boards the authority to determine the degree and date of a fireman's disability, is the existing law to be followed.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Kenneth Nordquist
Jack Goodman
Roland Allen
Austin Bray

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant