GULF PRODUCTION COMPANY v. GARRETT, CLERK, ET AL.

No. 5443. Decided February 19, 1930.

(24 S. W., 2d Series, 389.)

*John E. Green, Jr., Claude McCaleb, Joe S. Brown,* and *Oswald S. Parker,* for relator, cited Arnold v. Leonard, 273 S. W., 803; Bitter v. Bexar Co., 11 S. W., (2d) 163.

MR. JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

This is an original proceeding, filed in the Supreme Court, in which the petitioner, Gulf Production Company, in its own behalf and in behalf of all others similarly situated, seeks to have a mandatory writ of prohibition to all and each of the several clerks of the Courts of Civil Appeals in this State, restraining and prohibiting each of said clerks from destroying any of the records filed in their respective courts, or papers filed in connection therewith.

The occasion for the filing of this proceeding was the passage, by the 41st Legislature, of Senate Bill No. 154, Chapter 263, of the General Laws of that Legislature, approved March 19, 1929, effective 90 days after adjournment, the caption of which reads as follows: "An Act amending Article 1831, Title 39, Revised Statutes of the State, prescribing certain duties of clerks of Courts of Civil Appeals, with reference to the filing, recording, and preservation of the records and proceedings of said Court."

Article 1831, which this act amends, is a part of Chapter 2, Title 39, Revised Statutes 1925, and reads as follows: "Each clerk shall file and carefully preserve all records certified to his Court and all papers relative thereto, docket all causes in the order in which they were filed, record decisions of the said Court and certify their judgments to the proper Court."

The act approved March 19, 1929, designated as Article 1831 as amended, after prescribing certain duties of each clerk of each Court of Civil Appeals, with a view of preserving the records of said courts, concluded with the following: "He (referring to each clerk of each Court of Civil Appeals) shall, after ascertaining that any case filed in said court has been finally disposed of for a period of ten years, destroy all records filed in said court in connection therewith."

It will be observed that the caption of said Senate Bill No. 154 indicates an amendment of said Article 1831, describing certain duties of said clerks "with reference to the filing, recording and preservation of the records." It will be further observed that neither said caption nor the article of the Revised Statutes, which it purports to amend, has any reference to the destruction of any records or papers, but on the contrary to the preservation of the same. How-

ever, the sentence of said Senate Bill No. 154, quoted above, undertakes to authorize and require the clerks of each Court of Civil Appeals to destroy all records filed in said court in connection with any case which has been ascertained to have been finally disposed of for a period of 10 years, thereby undertaking to cause the destruction of public records and files in disposed of cases.

The petitioner contends that this piece of legislation by the 41st Legislature is contrary to the law of the State and the authorized and mandatory rule prescribed by the Supreme Court, and against what the Supreme Court has determined to be the demands of public policy, and as violative of the rights of parties to the litigation, as well as of third persons.

The petitioner further alleges that "it owns land, and interest in lands acquired and gained from time to time in the lawful prosecution of the business of its incorporation as an oil producing company; that many of its titles and the evidences thereof depend to a greater or lesser extent on the records of the several Courts of Civil Appeals and the original documents and other papers filed therein, and on facts established and shown to be established by evidence manifest from said records, which, in many cases, have involved and will hereafter involve the necessity of using such records as the best existing evidence, not only of original instruments and documents but of testimony of witnesses now passed away, in suits involving the rights or some of the rights between the parties to such former litigation or their privies."

The petitioner further alleges that "because of the fact that the caption to the aforesaid Senate Bill No. 154, constituting Chapter 263 of the Acts of the Forty-first Legislature of Texas, deals with but one subject, to-wit: that of filing, recording and preservation of the records in said Court, and in nowise expresses in said caption or title the subject of destruction of such records, yet, notwithstanding that the subject of destruction of the records or papers filed in the Courts of Civil Appeals is not expressed in the title of said Act, the last sentence of said Act undertakes to authorize and require the destruction of all such public records in cases ascertained to have been disposed of for a period of ten years, which subject is not expressed in the title of said Act and is, therefore, void as to so much thereof as pertains to the destruction of said records under the express provisions of Article 3, Section 35, of the present Constitution of the State of Texas."

Section 35, Article 3 of the Constitution reads as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The caption of the bill indicates its purpose to be to *preserve* the records of the Courts of Civil Appeals. The last sentence of the bill, which we have quoted, indicates the purpose, in part, of the Legislature to be the destruction of these records after ten years shall have elapsed from the date of the final disposition of the litigation evidenced by such records. Manifestly, this proposed legislation, to the extent that it provides for the destruction of the records, is unconstitutional, and therefore to that extent, is void. The first part of the amended act relates to the subject of preserving the records of the Courts of Civil Appeals. The last portion, which we have quoted, deals with another and directly opposite purpose, to-wit: the destruction of the records under certain conditions. The title of the Act, to the extent that it relates to the destruction of the records, does not fairly give reasonable notice of the subject matter of the statute. This section of Article 3 of the Constitution is intended to prevent clauses from being inserted in the bill, of which the title gives no intimation, thereby possibly misleading members of the legislature of the purpose of the proposed legislation.

A statute is violative of this section of the Constitution, if the title is misleading and imports a subject different from that to which the body of the bill relates. In Arnold v. Leonard, 114 Texas, 535, 273 S. W., 799, Justice Greenwood of the Supreme Court says: "The caption is not content to state a purpose to amend certain statutes, but proceeds to specify the nature of the proposed amendment. * * * A caption concealing the true purpose of a statute, and stating an altogether distinct and foreign purpose, is necessarily deceptive and cannot be sustained as complying with Section 35 of Article 3 of the Constitution." Ward Cattle & Pasture Co. v. Carpenter, 109 Texas, 104, 200 S. W., 521. It is manifest that the caption of the act under discussion is not content to state a purpose to amend a certain statute but, by proceeding to specify the nature of the proposed amendment, thereby concealing the true purpose of the statute and stating an altogether distinct and foreign purpose, it necessarily becomes deceptive.

While the petitioner, in support of his first contention, presents many authorities, among which may be mentioned Article 1731 of the Revised Statutes, authorizing the Supreme Court from time to time to make and enforce all necessary rules of practice and procedure for the government of the Supreme Court, and all other courts in the State; and rule 6 promulgated by the Supreme Court for the guidance of Courts of Civil Appeals to the effect that "from the time when the transcript properly made out and endorsed is filed, it will cease to belong to either party but will become a record of the court, subject to its control and disposition;" Hart v. West, 92 Texas, 416, 49 S. W., 361; Jameson v. N. Y. & Texas Land Co., 85 S. W., 482; Board of Water Engineers v. McKnight, 111 Texas, 82, 229 S. W., 301; Rickey v. Behrens, 75 Texas, 488; 12 C. J., 807, 783; Freeman on Judgments, Section 85; Ruling Case Law, Vol. 7, pp. 1017–19–21–23; we find it unnecessary to pass upon this contention for the reason that it is our opinion the portion of Senate Bill No. 154, which we have quoted, is unconstitutional, and therefore void.

We recommend that a mandatory writ of prohibition be issued to all and each of the several clerks of the Courts of Civil Appeals, restraining and prohibiting them and each of them from destroying any of the records filed in the causes in their respective courts, or papers filed in connection therewith.

The opinion of the Commission of Appeals is adopted and writ of prohibition awarded. The Clerk will forward certified copies thereof, together with the judgment of this Court, for observance.

*C. M. Cureton,* Chief Justice.