

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
**XXXXXXXXXXXXXXX**
**ATTORNEY GENERAL**

Hon. Claude A. Williams
Chairman & Executive
Director
Texas Unemployment Com-
pensation Commission
Austin, Texas

Opinion No. O-3556
Re: Is the caption of House
Bill 86 sufficient to render
valid Sections 1 and 1(a) of
this Bill?

Dear Sir:

     We have your request for an opinion of this Depart-
ment as to the sufficiency of the caption to House Bill No.
86.

     You first inquire if the caption recited below is
sufficient to render valid the provisions of Section 1 of
the Bill. The caption reads:

    "An Act to amend Chapter 482, Acts of the Forty-
fourth Legislature, Third Called Session (1936), page
1993, as amended by Acts of the Forty-fifth Legisla-
ture (1937), Chapter 67, page 121, and as amended by
Acts of the Forty-sixth Legislature (1939), page 436,
so as to make the Texas Unemployment Compensation Law,
conform to amendments made by the Congress of the
United States in 1939 to the Federal Social Security
Act; providing definitions of the terms, 'Base Period,'
Canendar Quarter,' 'Benefits,' 'Benefit Year,' 'Com-
mission,' 'Contributions,' 'Employing Unit,' 'Employ-
er' and meanings thereof, 'Employment,' meanings
thereof and inclusions therein, and exclusions there-
from, and 'Included and Excluded Service,' within the
term 'Employment'; defining 'Employment Office,'
'Fund,' 'Partial Employment,' 'State,' 'Total unem-
ployment,' 'Unemployment Compensation Administration
Fund,' 'Valid Claim,' 'Wages,' 'Week,' 'Benefit
Amount,' 'Benefit Period'; and providing for repeal
of all parts of Chapter 482, General and Special Laws,
Forty-fourth Legislature, Third Called Session, as
amended by Chapter 67, General and Special Laws,
Forty-fifth Legislature, Regular Session, as amended
by Chapter 2, Title 'Labor,' General Laws, Forty-sixth
Legislature, Regular Session, in conflict herewith and
all lawsor parts of laws in conflict herewith, but not
in any wise forfeiting or waiving any rights of the

State of Texas or the TexasUnemployment Compensation Commission to collect contributions, interest or penalties that have accrued under said Chapter, or the right of prosecution for violating any provision thereof; and declaring an emergency."

Article III, Section 35 of the Constitution of Texas, reads:

"Sec. 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The above caption by its terms puts us upon notice that the Unemployment Compensation Act as originally written and as amended by subsequent sessions of the Legislature of Texas is to be amended. The references to the enactments of the Legislature of this State upon the subject of unemployment compensation are correctly and inclusively listed within this caption. The courts of this State have held that the naming of the article to be amended directs the attention of the parties interested to all of the provisions therein, as to the subject of the amending act, and that the provisions amended may be ascertained by reading the act to be amended. See Katz v. State, 54 S.W. (2d) 130. We quote from the Katz case:

"The courts of this State have held that a reference to a number of an article in a code, 'such as our revised statutes, is sufficient in the title of an act amendatory thereof, to allow any amendment germane to the subject treated in the article referred to. English & Scottish-American Mortgage & Investment Company v. Hardy, 93 Tex. 289, 55 S.W. 169; State vs. McCracken, 42 Tex. 384."

However, the Legislature of this State went further in drawing the caption to this bill and specifically stated that the amendment provided definition of terms. The caption then enumerated all of the various terms that would be defined in the amendatory act. We have checked the definitions set out against the terms listed in the caption and find that all of the definitions are of terms listed in the caption.

The subject matter of Section 1 of House Bill No. 86 is sufficiently mentioned in the caption to this bill to meet with the fundamental requirements of our constitution and laws and is, therefore, valid.

You have also asked if the caption to House Bill 86 is sufficient to render valid the provisions of Section 1(a) of House Bill 86.

Section 1(a) is an amendment of Section 5 of the Unemployment Compensation Act title "Disqualification for Benefits."

We observe that the Legislature in writing this caption went further than the mere statement of their purpose to amend the unemployment compensation law and stated that the amendment was to provide definitions of certain terms, following therewith the list of all the terms to be defined.

The definitions set forth in the amended act may differ or may enlarge upon definitions previously carried in  the act and the listing of the terms to be defined serve as notice to interested parties that any matter contained within the scope of the definition may be changed.

Section 1(a) of House Bill under consideration also purports to amend Section 5 of the Unemployment Compensation Act title d "Disqualification for Benefits." The Legislature failed to mention in its caption that Section 5 was to be amended and further failed to advise that the subject of disqualification for benefits would in anywise be amended or treated in the body of the act.

39. Jurisprudence p. 103 says:

"A title that specifies the particular field an amendment is to cover or states a purpose to make a certain change in the prior law and that is not merely descriptive of the matter to which the law relates, limits the amendatory act to the making of the change designated and precludes any additional, contrary or different amendment."  See also Hamilton v. St. Louis S. F. & T. R. Co., 283 S.W. 475; Arnold v. Leonard, 114 Tex. 543; 273 S.W. 799; Gulf Production Company v. Garrett, 24 S.W.(2d) 389.

The Legislature having limited the scope of its amendatory powers in this instance by reciting that they

Hon. Claude A. Williams, page 4   (O-3556)


were providing certain definitions and omitting any state-
ment or reference to the attempt to re-enact the section on
disqualification for benefits failed to meet the constitu-
tional requirements of a caption.

House Bill 86, in our opinion, includes more than
the one subject expressed in the title and, therefore, Sec-
tion 1(a) of this bill is invalid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Morris Hodges
Morris Hodges, Assistant

APPROVED JUL 21, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

MH:N:wb