**BOARD OF WATER ENGINEERS OF THE STATE of Texas, Appellant,**

v.

**CITY OF SAN ANTONIO, Appellee.**

No. 10258.

Court of Civil Appeals of Texas.

Austin.

Dec. 1, 1954.

Rehearing Denied Jan. 5, 1955.

John Ben Shepperd, Atty. Gen., Burnell Waldrep, John Reeves, Asst. Attys. Gen., Joe Carter, Legal Examiner, Board of Water Engineers, Austin, of counsel, for appellant.

Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellee.

GRAY, Justice.

The City of San Antonio brought this suit against the Board of Water Engineers of the State of Texas and its individual members in their official capacities. It sought a declaratory judgment declaring section 1–a of art. 1434a unconstitutional, declaring and establishing its rights relative to a presentation tendered to the Board for acceptance and filing on March 2, 1953, and establishing its priority of right to withdraw water from the Guadalupe River Watershed.

The Board has appealed from an adverse judgment.

The City, through and by its Waterworks Board of Trustees, was and is desirous of making surveys and investigations to determine the feasibility of taking water from the Guadalupe River Watershed to supplement the water supply of said City. However before incurring the expense of making such surveys and investigations the City desired to establish priority of right to take such water in the event a permit there-

for might thereafter be granted. Art. 7496, Vernon's Ann.Civ.St.

There is contemplated a flood control project on the Guadalupe River in Comal County at a site known as "the Canyon Dam Site." The City desires to investigate the feasibility of purchasing storage space in the reservoir to be created by the construction of this proposed dam at incremental cost of construction. This plan is to increase the elevation of the top of the proposed dam at a cost to the City and thereby provide storage space for additional water to be made available to the City.

On March 2, 1953, the City tendered to the Board for approval and filing a presentation under the provisions of art. 7496, supra. This presentation was refused by an order of the Board which is:

"Whereas, the Water Works Board of Trustees of the City of San Antonio, Texas, presented to the Board of Water Engineers, in Austin, Texas, on the 2nd day of March, 1953, a presentation in accordance with Article 7496, of the Revised Civil Statutes of Texas, accompanied by the necessary fees, and requested that such presentation be approved by the Board and filed; and

"Whereas, although all formalities have been complied with fully the project outlined in said presentation contemplates the withdrawal of water from the Guadalupe River Watershed for use in San Antonio, Texas; and

"Whereas, Article 1434–a of the Revised Civil Statutes of Texas, being a part of Chapter 407, p. 666, Acts of 1941, 47th Legislature, specifically forbids withdrawal of water from the Guadalupe River Watershed;

"Now Therefore, be it resolved that the presentation of the Water Works Board of Trustees of San Antonio, Texas, be, and the same is hereby, not accepted by the Board of Water Engineers for filing.

"Given under the hand and seal of the Board of Water Engineers for the State of Texas, this the 2nd day of April, 1953."

A copy of this order was enclosed to attorneys for the City in a letter from the Board which is:

"We return herewith the presentation of the Water Works Board of Trustees of San Antonio, Texas, for the reason set forth in the Board's order, a copy of which is enclosed.

"This presentation would have been accepted for filing but for the specific prohibition against withdrawal of water from the Guadalupe River Watershed contained in Article 1435–a." [1]

Section 1–a of art. 1434a is pertinent here and we quote that section:

"It shall be unlawful for any person, firm, association, or corporation to withdraw any water from the Guadalupe River or Comal River or any tributaries of such rivers or springs emptying into such rivers, or either of them, for the purpose of transporting such water to any point or points located outside of the natural watersheds of such rivers.

"Any such withdrawal or attempted withdrawal of water from said rivers, springs, and/or tributaries may be enjoined in a suit for injunction brought by any person, municipality, or corporation owning riparian rights in or along said rivers. The venue of such suits shall be in the District Court of the county where such withdrawal or attempted withdrawal occurred."

The City attacked the constitutionality of section 1–a supra on various grounds.

1. The above cited "Article 1435–a" apparently is a mistake and should be "Article 1434a." There is no Article 1435–a and art. 1435 deals with the powers of "Gas, electric current and power corporations."

Upon a nonjury trial the court found that the City has a justiciable interest in this cause authorizing it to maintain the suit; that the court had jurisdiction of the cause of action; that the filing of the presentation with the Board would vest the City with valuable and substantial rights which would be denied it by the refusal of the Board to accept and file said presentation; that the only reason given by the Board for its refusal to accept and file said presentation was art. 1434a, and that section 1–a of said art. 1434a is invalid, unconstitutional and void. The Board's special exceptions were overruled and all other and further relief prayed for by the parties was denied.

Upon entry of the above judgment the City tendered the presentation to the Board for filing. The same was accepted and filed by the Board conditioned only on the trial court's judgment not being set aside on appeal. The City then filed its motion under Rule 406, Texas Rules of Civil Procedure, and attached certified copies of the Board's orders. This action apparently was to meet the Board's contention that the cause was moot because more than six months has passed since the presentation was tendered to the Board on March 2, 1953.

In its appeal from the trial court's judgment the Board here presents two points. These are to the effect that: (1) the trial court erred in refusing to dismiss the cause of action because no justiciable controversy is raised, and (2) the trial court erred in holding section 1–a of art. 1434a unconstitutional.

■ The Uniform Declaratory Judgments Act, art. 2524–1, Vernon's Ann.Civ. St. is rather comprehensive in its several provisions. By section 12 its purpose is declared to be to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and provides that the Act is to be liberally construed and administered. Section 1 gives courts of record power to declare "rights, status, and other legal relations", and provides that such declarations

shall have the force and effect of final judgments. Section 2 gives to any interested person whose rights, status, or other legal relations are affected by * * * a statute * * * the right to have determined any question of the validity or construction of the statute and to obtain a declaration of rights, status, or other legal relations thereunder. Section 5 provides that the enumeration of powers in the sections of the Act does not limit or restrict the exercise of general powers conferred by section 1 in any proceeding where declaratory relief is sought if a judgment or decree will terminate the controversy or remove an uncertainty.

By both its order and its letter to the attorneys for the City the Board gave section 1–a, supra as its only reason for not accepting and filing the presentation as was found by the trial court. The letter states that but for section 1–a the presentation would have been accepted and filed. It conclusively appears that the Board was acting under a statute that the City says is unconstitutional. So long as this statute is in effect the City is barred from taking water from the Guadalupe River and the Board is precluded from granting it a permit to do so. The Board here contends the statute is constitutional while the City contends it is unconstitutional. The validity of the statute is brought in question and section 2 of art. 2524–1 is applicable. The status and the legal relations of the City and the Board are affected and section 1 of said art. 2524–1 is applicable. An uncertainty exists, declaratory relief is sought and a final judgment will terminate the controversy over the statute and remove the uncertainty. Section 5, supra.

It conclusively appears that the differences between the City and the Board has reached an antagonistic dispute which is pressed by the City and is opposed by the Board as to the validity of the statute, Seq. 1–a, supra, the rights of the City and the legal relations of the parties by reason of that statute are uncertain. It is therefore our opinion that a justiciable issue or controversy is presented as to the validity of

the statute and the rights of the parties under that statute. Railroad Commission v. Houston Natural Gas Corp., Tex.Civ.App., 186 S.W.2d 117, error ref. w. m.; Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837; McDonald Texas Civil Practice, Vol. 1, Sec. 2.01, pp. 124–128.

The Board argues that the suit should be dismissed because more than six months have elapsed since the presentation was tendered to the Board for acceptance and filing and cites Art. 7496, supra. The presentation was not accepted by the Board for filing on March 2, 1953, however after the trial court's judgment the presentation was accepted by the Board as noted supra and the Board entered its order as follows:

"September 13, 1954

"In re: Extension of Time on Presentation Filed by the City of San Antonio, by Water Works Board of Trustees, San Antonio, Texas, No. 1301.

"The Board of Water Engineers on this day, a quorum being present, considered the petition for an extension of time filed by the City of San Antonio, by Water Works Board of Trustees, San Antonio, Texas, and after considering all the facts adduced at the hearing, together with the law applicable thereto, the extension of time on said presentation, covering a certain proposed project having as its object the appropriation of 90,000 acre feet of water per year and the impoundment therefor of 250,000 acre feet of water out of the flood waters of the Guadalupe River Watershed, contemplating the cooperation in the construction of a dam by the Corps of Engineers, U. S. Army, at the Canyon Dam site through purchase of storage therein at incremental costs of construction, fully described in the original presentation, Was Granted, said time to expire on April 5, 1957.

"Upon motion by O. F. Dent, seconded by H. A. Beckwith, the foregoing order was passed by the unanimous vote of all members present.

"Given under the hand and seal of the Board of Water Engineers for the State of Texas, this the 13th day of September, 1954.

"Board of Water Engineers
"Seal

"/s/ H. A. Beckwith
"H. A. Beckwith, Chairman
"/s/ B. R. Fullingim
"Secretary."

Section 1–a supra if valid prevents the foregoing order of the Board from having any force or effect and the question to be determined here is the validity of section 1–a and the right of the City to tender its presentation to the Board and to have it accepted and filed as apparently has been done by the Board's order of September 13, 1954, supra.

Section 1–a of art. 1434a, supra, was added to that article in 1941 by the 47th Legislature, Acts 47th Leg., Chap. 407, p. 666. We quote the title to that Act in full and the emergency clause in part:

"An Act amending Sections 1 and 2 of Chapter 76, Senate Bill No. 103, page 202, General and Special Laws, passed at the First Called Session of the Forty-third Legislature; and declaring an emergency. * * *

"The fact that the additional powers hereby conferred upon water supply corporations authorized by said Chapter 76 is immediately necessary in order to provide a water supply and sewer service for military camps and bases recently established in connection with the national defense program creates an emergency and imperative public necessity * * *."

Senate Bill 103 referred to in the above quoted title was passed in 1933 at the first called session of the 43rd Legislature. Acts 43rd Leg., 1st C.S., Chap. 76, p. 202. It will be later referred to as the prior Act. The above Act of the 47th Legislature will be referred to as the amendment.

An examination of the prior Act reveals that it was headed "Additional Purposes for which Corporations may be created and Charters Renewed." Section 1 of the Act provided that: three or more persons who are citizens of the State may form a corporation for the purpose of "furnishing a water supply to towns, cities and private corporations\ and individuals"; the charters of such corporations may provide that no dividends shall ever be paid upon the stock; all profits from the operation of the business shall be annually paid out to cities, towns, corporations and other persons transacting business with the corporation during the past year in direct proportion to the business so done; no such dividends shall be paid while any indebtedness of the corporation remains unpaid, and the directors may allocate to a sinking fund the amount of the annual profits deemed necessary for maintenance, upkeep, operation and replacements. Section 1 of the amendment authorized the formation of corporations for the purpose of "furnishing a water supply, or sewer service, or both, to towns, cities, private corporations, individuals, and military camps and bases," but made no substantial changes in the further provisions of section 1 of the prior Act.

Section 2 of the prior Act vested the corporations with authority to negotiate and to contract with "any and all Federal Government agencies including, without exclusion because of enumeration" therein named agencies. It gave to the corporations authority to obtain money from the agencies for enumerated purposes; authorized the corporation to encumber its property and to evidence the transaction with bonds, notes and warrants and provided that the same shall constitute solely a charge against the specifically enumerated properties and the revenues therefrom and that the same shall not constitute a general obligation of the corporation. Section 2 of the amendment after enumerating the Federal Government agencies with which the corporations are authorized to negotiate and contract adds "and with others" but made no other substantial change in the section.

Section 1-a quoted supra follows section 1 in the amendment and is an entirely new section.

The title of the amendment declares its purpose and ultimate object to be the amendment of sections 1 and 2. Section 1-a deals with a subject that is not mentioned in either the title of the amendment or in sections 1 or section 2 of the prior Act.

Section 35 of art. 3, Texas Constitution, Vernon's Ann.St., provides that no bill, except appropriation bills, shall include more that one subject which must be expressed in its title, and if the Act contains a subject not embraced in the title then the Act shall be void only as to so much thereof as is not so expressed.

The reference in the title of the amendment directs attention to all of the provisions of sections 1 and 2 of the prior Act and must be limited to the purposes and subjects stated. Landrum v. Centennial Rural High School Dist. No. 2, Tex.Civ. App., 134 S.W.2d 353, error dism., judgm. cor. 39 Tex.Jur. p. 102, Sec. 48. The field of the amendment is stated in the title and must be limited to the subject there stated. It purports to change sections 1 and 2 of the prior Act and any additional amendment to that stated in the title is void. We have outlined the provisions of sections 1 and 2 of the prior Act and there is not to be found in those sections any reference to the withdrawal of water from any source. While the title states a definite purpose the Act purports to accomplish an additional and foreign object without notice. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799. The statement in the title that "Sections 1 and 2 of Chapter 76, Senate Bill 103" were to be amended "was a distinct assurance that the object of the Act was a limited one, and that its scope was to amend" those sections only and not to add a new section with provisions not germane to the amended sections. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 200 S.W. 521. Gulf Production Co. v. Garrett, 119 Tex. 72, 24 S.W.2d 389.

It is our opinion that the title to the amendment is deceptive, is fatally defective and violates Sec. 35 of art. 3, Constitution of Texas, and that section 1–a supra is therefore void. The result is that the City is entitled to avail itself of the remedies provided by art. 7496, supra and art. 7590, Vernon's Ann.Civ.St.

The judgment of the trial court is affirmed.

Affirmed.