**LAYNE TEXAS COMPANY, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 13126.**

Court of Civil Appeals of Texas.

Houston.

Oct. 24, 1957.

Rehearing Denied Nov. 14, 1957.

Joyce Cox and Wm. Brantly Harris, Houston, and Fountain, Cox, Gaines & Fox, Houston, of counsel, for appellant.

Geo. D. Neal, City Atty. and Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellee.

WOODRUFF, Justice.

Layne Texas Company, a corporation, appellant, filed this action July 6, 1956, under the provisions of Article 2524–1, Vernon's Tex.Civ.St.Ann., known as the Uniform Declaratory Judgments Act, against the appellee, City of Houston. In its petition, appellant alleged that over a period of seven years it had furnished labor and materials of the value of over $33,000 in maintaining the water service of the City without having been paid therefor. It was discovered in the latter part of 1955 that an employee of the City had failed to process appellant's billings for these services and that no purchase orders had been issued thereon.

Appellant further alleged that upon discovering this fact it presented its claim to the City Council of the City of Houston for allowance and payment. The Council in turn referred the matter to the City Attorney for an opinion concerning its authority to approve these bills for payment. By a written opinion the City Attorney advised the Council that it could not pay any items which accrued more than two years before the day of the actual billing because it was dealing with public funds and as such it was in the same position as a trustee and could not lawfully pay a claim which could be defeated by a plea of the statute of limitation if a suit were filed thereon.

Appellant then alleged as follows:

"5.

"As a result of said opinion, * * *, Plaintiff's claims, except claims aggregating the sum of Seven Thousand One Hundred Sixty and 05/100 ($7,160.05) Dollars for work performed, labor and material furnished in the month of December, 1952, were paid. As to such unpaid portion of said claim in the amount of Seven Thousand One Hundred Sixty and 05/100 ($7,160.05) Dollars, Plaintiff has been unable to obtain consideration of the merits of its claim by the City Council, or consideration of whether the City will as a matter of policy waive the bar of limitation and pay the same, or consideration of whether the City will permit Plaintiff to sue without interposing a plea of limitation, because of advice of its attorney, accepted by the Council, that the City has no discretion to decide whether it will or will not refuse and defeat payment because of the lapse of time, that the City has no right or power to pay said claim even should it be just and the Council should want to pay it, and that the City has no right or power to permit plaintiff to litigate the justice of its claim without Defendant interposing the Statute of limitations as a defense, even though the City might decide to permit plaintiff to litigate its said claim and recover if the only defense available is limitation.

"6.

"Plaintiff shows that an issue exists between it and Defendant as to whether or not Defendant is required by law to take advantage of the Statute of limitation, or has discretion to take advantage of said statute or to waive it. Plaintiff takes the position that Defendant corporation is privileged to pay said bills and has the option, but not the duty, of pleading the statute of limitations. If plaintiff sues Defendant for a recovery of said money, said Defendant through its City Attorney will plea_ the statute of limitations because the said City Attorney is of the opinion that it is his duty to plead such Statute and that the Council has no power to waive said statute, and has so advised the said Council.

"7.

" *       *       *       *       *       *

"Wherefore, Plaintiff prays that Defendant be summonsed to appear and answer herein, and that this Court determine whether or not the City of Houston is required to take advantage of and if sued to plead the Statute of limitations in defense to plaintiff's claims, or whether it has the privilege to waive such statute and pay the plaintiff's claims aforesaid, if in its discretion it should determine that plaintiff's claims are just, and in its discretion it should desire to pay them without taking advantage of the bar of the Statute of limitations."

The appellee, City of Houston, answered by a general denial.

On August 10, 1956, appellant filed its motion for summary judgment praying that the court decide and determine: (1) that the City of Houston "is not required to take advantage of the statute of limitation"; (2) that its "City Council * * * has the discretionary power and privilege to consider said claims and pay the same if found to be just and owing by it, and to waive the statute of limitations if it so desires and should so determine in the exercise of its discretionary judgment"; and, (3) "that the City of Houston is not bound to plead the statute of limitations in defense to plaintiff's claims should they be made the subject of a lawsuit and should said City Council determine in its discretion that said claims should be paid if established in a lawsuit."

The motion further states, "The facts concerning plaintiff's claims for material and labor furnished * * * to the extent of * * * $7,160.05 * * *, have

had no consideration on their merits" because of the City Attorney's ruling.

The prayer was that "under Rule 166–A of the Texas Rules of Civil Procedure this Court decide the issue of law presented in plaintiff's petition and that it decide it in the way requested in this motion."

The appellee's answer to the motion for summary judgment consisted of a statement that the City of Houston had no power, authority or legal right to waive the statute of limitations or to allow payment of a claim against the City which is barred by limitation.

The appellee also asserted by the answer that if the facts in the petition were taken as true, appellant "is not entitled to judgment as a matter of law."

After the presentation of the motion, the trial court on September 24, 1956, entered an order reciting "that the case presents an actual and justiciable controversy which properly may be disposed of by entry of a declaratory judgment;" and then adjudged:

"1. The City Council of the City of Houston is without lawful authority to pay or to authorize payment of plaintiff's claim for $7,160.05 because the claim is no longer a legal obligation of the City of Houston, inasmuch as it is barred by the two year statute of limitations of the State of Texas, Revised Statutes, 1925, Article 5526.

"2. In the event suit is filed on Plaintiff's claim, the City of Houston and its attorneys are bound by their duty as trustees of the public funds to plead the defense of limitations and it may not be waived."

Exceptions to the court's action were duly taken and all procedural steps have been complied with to bring this cause before this Court.

The sole question presented by this action is one which may be succinctly stated as follows: Can the City Council of the City of Houston in its discretion waive the statute of limitation and pay a claim which is admittedly barred if it believes that the claim is meritorious and just?

As we view this question, it fails to present a justiciable controversy.

The general field of judicial power contemplated by the Uniform Declaratory Judgments Act in Texas is set forth in Section 1 of Article 2524–1, Vernon's Tex.C. S.A., reading as follows:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

Professor Gus M. Hodges, in an article entitled "General Survey of the Uniform Declaratory Judgments Act in Texas", vol. 8, Vernon's Tex.C.S.Ann., page XI, makes this comment:

"It is not to be assumed that this broad new field of judicial power is unlimited. The Act does not authorize or permit an action for the mere purpose of declaring legal principles or of establishing uncertain facts. It is clear that a real controversy is necessary, that parties having conflicting legal interests are essential; that the judgment must be one which will effectively and practically settle conflicts of such legal interests of the parties. * * *

* * * * * *

"The proper scope of proceedings under the Act, with respect to the concept of actual controversy or justiciable issue, is made clearer by considering what is not permitted. In

some states, by special constitutional grant of broader power to the judiciary, the courts may give advisory opinions, that is, they may advise other branches of the government. Such is not authorized under the usual declaratory judgment statutes. For as has been said by Judge McClendon in his opinion in Douglas Oil Co. v. State, Tex.Civ.App.1935, 81 S.W.2d 1064, reversed Federal Royalty Co. v. State, 1936, 128 Tex. 324, 98 S.W.2d 993:

"'Measured by the adjudicated cases at this time, the validity of the declaratory judgment as a proper judicial function may be regarded as established in American Jurisprudence. The essential difference between the declaratory judgment and the purely advisory opinion lies in the fact that the former is a binding adjudication of the contested rights of the litigants, though unaccompanied by consequential relief; whereas, the latter is merely the opinion of the judges or court, adjudicates nothing, and is binding on no one. The former is held to be the exercise of a strictly judicial function; the latter that of a wholly non or extra judicial function; * * *'".

In Borchard on "Declaratory Judgments", 2nd Edition, Chapter V, p. 299, in discussing Section 6 of the Uniform Act, which is identical with Section 6 of Article 2524–1, Vernon's Tex.C.S.Ann., it is said:

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed."

On Page 300, it is said:

"* * * It is perhaps superfluous to add that the want of any of the jurisdictional or procedural requisites of justiciability bars the grant of the petition on technical rather than discretionary grounds. This would embrace the refusal of courts to decide hypothetical or abstract questions, on the ground that such a decision would not serve a practical function in stabilizing relations, and even as advice, which is not grantable, would not be binding * * *.

"On the ground that the uncertainty would not be terminated, the courts usually refuse to make declarations where they consider that further proceedings are necessary to enable the plaintiff to obtain the relief he needs or to make the judgment effective * * *."

In connection with the last statement made by the author, the case of Lewis v. Green, 2 Ch. 340, was cited wherein it was held that no construction of a deed would be declared where it would not help to put an end to the litigation unless the construction was declared in favor of one party. The annotator commented that it was properly held that whichever way the decision goes, the controversy, to be justiciable, must be terminated thereby. As we see the issue here, if this Court were to hold that the City Council may waive the statute of limitation, as the appellant contends, it would be of no effect whatsoever for the reason that the City Council within its discretion could decide that it did not want to establish the precedent of waiving the statute, as a matter of policy, and thus avoid the binding effect of any such decision if rendered.

If appellant had sued the City of Houston for that portion of the account more than two years past due and the City had admitted the justness of the account and further alleged it did not wish to plead the statute of limitation but raised the is-

sue to the extent, and only to the extent, that it was compelled to do so under the law, then a justiciable issue would have been presented.

We believe that the decision here is controlled by the law as announced by the Supreme Court in Board of Water Engineers of State v. City of San Antonio, 283 S.W.2d 722. In that case the City of San Antonio, in an effort to increase the source of its water supply, sought to participate with the Federal Government in the building of a dam in Comal County by making the dam higher than ordinarily necessary and thus making the additionally impounded water available for the use of its citizens. Its participation, however, depended upon its gaining permission from the Board of Water Engineers for the taking of the water from the Guadalupe and Comal Rivers.

The City of San Antonio filed its application, or "presentation," with the Board for such permission, but the Board refused to approve or file it, stating, "in effect that it would have approved and filed it as a proper and meritorious application" but for the fact that the City was prohibited from diverting the waters from those streams by the express terms of Sec. 1–a of Art. 1434a, Vernon's Tex.C.S.Ann.

The City of San Antonio filed this suit against the Board of Water Engineers, seeking a declaratory judgment, contending that Section 1–a, of Article 1434a, was constitutionally void because the subject thereof was not set forth in its caption. The trial court rendered a declaratory judgment in favor of the City as prayed for, following the approval of the presentation, and upon the Board's appeal the judgment was affirmed by the Court of Civil Appeals, 273 S.W.2d 913.

The Board of Water Engineers contended in the Supreme Court that the City had not presented a "justiciable controversy" because it failed to allege "an abuse of discretion or arbitrariness by the Board" and by so failing, it conceded a discretion on the part of the Board to treat Section 1–a of Art. 1434a as being valid and the exercise of that discretion in refusing the approval of its presentation and consequently this suit was one for a "mere advisory opinion."

In discussing this point, the Supreme Court said [283 S.W.2d 724], in part:

"The expressions 'advisory opinion' and 'justiciable controversy' as here used refer to the requirements, which undoubtedly exist as prerequisite to the declaratory judgment process, that (a) there shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. * * *

" * * * The controversy is as to whether it is *actually* valid. Clearly this is a real and practical controversy, because the respondent insists on its application being approved and filed despite the statute, on which the Board relies, and asserts valuable rights of a property nature to be effective or ineffective depending upon such approval and filing. Clearly, too, the judicial declaration in suit will determine the controversy, because the Board will approve and file the City's application if the statute is declared invalid and will properly continue to refuse to do so if it is declared valid."

The court found the statute to be invalid and affirmed the judgments of the trial court and of the Court of Civil Appeals in granting the declaratory judgment.

Certainly the "real controversy between the parties" of which the court spoke and which was clearly indicated in the paragraph above quoted involved the assertion by each party of his right or rights to prevail against the other in the subject matter of the dispute. If the petitioning party

concedes that he can be defeated by the exercise of sheer discretion on the part of the other, there can be no real controversy. This was tacitly recognized by the Supreme Court in the above mentioned case.

In contrast to the right asserted by the City of San Antonio to have the Board of Water Engineers approve its application because it was not prohibited to use the water by an invalid law, the appellant here admits that the City can defeat its action by pleading the statute of limitation, but by a decision of this Court it seeks to persuade the City that, if it so desires, it may waive the statute and pay appellant's claim or if sued thereon not to plead it as a defense.

Appellant does not seek to have this Court enter a declaration of any right, status, or other legal relation, but merely as stated in the prayer of his petition to "determine whether or not the City of Houston is required to take advantage of and if sued to plead the statute of limitations in defense to plaintiff's claims, or whether it has the privilege to waive such statute and pay the plaintiff's claims aforesaid, if in its discretion it should determine that plaintiff's claims are just * * *."

It is, therefore, apparent that this action for a declaratory judgment lacks both of the requirements of a real and practical controversy wherein valuable rights are asserted and which can be actually determined by the judicial declaration sought. No justiciable controversy was thus presented. The trial court, therefore, was without jurisdiction to entertain this action and should have dismissed it.

The judgment of the trial court is, therefore reversed and the cause is remanded with instructions to dismiss this action for want of jurisdiction.